FRUGÉ, Judge.
The plaintiff, Bobby Ray Angelle, a guest passenger in the automobile driven by Arthur A. Broussard and insured by Southern Farm Bureau Casualty Insurance Company, joined both of those parties as defendants in this action to recover for his personal injuries occasioned when the driver, Arthur Broussard, drove his 1964 Ford off the paved portion of Louisiana Highway 357, losing control and veering into a ditch on the side of the road. The trial court did not find that the evidence established that Arthur Broussard was negligent, and accordingly, rendered judgment in favor of the defendants. From that judgment the plaintiff has taken this devolutive appeal.
The accident bringing about this litigation occurred on June 14, 1964, sometime between 10:00 and 10:30 p.m. The plaintiff was riding as a guest passenger with defendant, Arthur Broussard, and the two were touring a few of the nightspots around that area, seeking entertainment. Both had had two beers, but there is no evidence tend *575 ing to show that either was to any degree intoxicated. The accident occurred within the city limits of Opelousas, on a street sometimes called South Bullard Street. It appears as though the two were seeking out a place called the “Two Sisters’ Cafe”. The defendant, Arthur Broussard, was driving his automobile at a rate of about 45 miles per hour, in a southerly direction. The two parties rounded a gentle curve and passed up the Two Sisters’ Cafe, which was situated on the right side of the highway directly past the curve. Mr. Broussard proceeded on down the road for at least a thousand feet and turned his car around and drove back north in front of the Two Sisters’ Cafe again. Both Mr. Broussard and plaintiff were observing the Two Sisters’ Cafe in order to determine “what they had” and to decide whether or not they wanted to stop there. (The evidence discloses that there were but two or three cars at the Two Sisters’ Cafe, and so Mr. Broussard decided not to stop.) As the two were approaching the curve again coming from the south at a rate of about 45 miles per hour, Mr. Broussard glanced to his left to get a good look at the cafe. When he returned his attention to the road, he was entering the curve, and it was then that he observed an oncoming automobile some 100 to 200 feet in front of him, which was veering into his lane of traffic. As a result, he testified, he was forced to turn his car onto the right-hand shoulder of the road, which maneuver caused him to lose control and to crash into the ditch parallel with the road.
For some time after the accident occurred, plaintiff corroborated the version of the incident as given by Mr. Broussard, but upon the trial of the case, he testified that he had lied earlier when he stated that an unidentified vehicle had run them off the road. His version at the time of the trial (and for a while before) was that he went along with the story Mr. Broussard told the investigating officers and his insurance company in order to help him out, because Mr. Broussard had told him that it was difficult for him to obtain liability insurance as a result of prior accidents he had had. So, upon the trial, plaintiff testified that there was no other vehicle which drove the defendant, Arthur Broussard, off the road. Plaintiff stated that the accident resulted only because Mr. Broussard was not watching the road but was looking instead toward the Two Sisters’ Cafe and as a result he drove his automobile off the right side of the road upon entering the curve.
Because of the fact that plaintiff had admittedly lied on prior occasions, even under oath, concerning the circumstances surrounding the accident, and in view of many inconsistencies and conflicts in his own testimony, the trial court concluded that no weight should be allowed the testimony of the plaintiff. With this conclusion, we find no manifest error.
Counsel for plaintiff-appellant, however, strongly urges that even accepting the testimony of defendant, Arthur Broussard, he was negligent in gazing to the side when he was about to enter a curve.
While defendant may have been negligent in failing to watch the road ahead, we do not feel that this negligence was shown, by a preponderance of the evidence, to be a cause in fact of the accident. Defendant testified that he glanced to his left for a second or two, and upon looking back toward the roadway ahead, he entered the curve and noticed an oncoming car some 100 to 200 feet ahead. When the other vehicle got nearer, defendant observed that he was encroaching upon the defendant’s lane of traffic. Because of the curve in the road, it was very difficult for defendant to notice on which side of the road the other vehicle was until it got close to him, especially since the picture submitted into evidence show there is no centerline marking the highway. As a result, the defendant testified, the only safe thing he thought he could do at the time was to drive his car directly off the roadway and head it for the ditch. Even had the defendant’s attention not been diverted momentarily to his left before entering the curve, there is no showing *576 that he would have been able to appreciate the danger any sooner and avoid it without causing injury to anyone. And although it was established that the shoulder on the right side of the road around that curve was about eleven feet wide, the record also indicates that that shoulder was graveled. There is insufficient evidence to establish that, in proceeding at a speed from 40 to 45 miles per hour, the defendant could have driven his car onto the shoulder of the curve and not have skidded into the ditch.
Counsel for plaintiff further contends that defendant was speeding under the circumstances in that he was driving at a speed of about 45 miles per hour within the city limits of Opelousas, whereas a city ordinance calls for a speed limit of 25 miles an hour on that particular street. Notwithstanding the ordinance, the record establishes that there is a 45 mile per hour speed limit sign posted near the point of the accident; and thus, under the reasoning in the case Dufore v. Daugereaux, 122 So.2d 666 (La.App. 1st Cir. 1960), we do not believe that violation of the city ordinance denotes negligence where the defendant was proceeding on a state highway on which a 45 miles speed zone was posted.
We are of the opinion that the defendant, Mr. Broussard, was confronted with a sudden emergency not of his own making; and under such circumstances, substantial latitude must be allowed in determining the reasonableness of his reaction to that emergency. Under the credible evidence submitted in this case, we cannot conclude that Mr. Broussard was negligent in driving his automobile into the ditch on the right hand side of the highway upon his sudden discovery that an oncoming car had veered into his lane of traffic. See Jones v. Continental Casualty Company of Chicago, Illinois, 246 La. 921, 169 So.2d 50 (1964).
For the above reasons, the judgment of the trial court is affirmed at plaintiff’s cost.
Affirmed.