315 So.2d 148 (1975)
Johnny DUPRE, Jr., Plaintiff and Appellee,
v.
EVANGELINE PARISH POLICE JURY, Defendant and Appellant.
No. 5028.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1975.
*149 J. William Pucheu, Ville Platte, and A. Bruce Rozas, Mamou, for defendant and appellant.
W. Glenn Soileau, Ville Platte, for plaintiff and appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
The defendant Police Jury appeals a judgment awarding plaintiff damages. Plaintiff drove his car off the side of a narrow unmarked bridge on a parish road.
The issues are: (1) Was the bridge unreasonably hazardous for ordinary motorists using due care under the circumstances? (2) Was the plaintiff contributorily negligent in speeding or in failing to see the bridge?
*150 NEGLIGENCE OF THE POLICE JURY
The accident occurred on a blacktop parish road about 1½ miles outside the city of Ville Platte. The road is about 17 feet wide and runs generally north and south. The bridge in question is constructed of wood and is only 12 feet wide and about 20 feet in length. It crosses a "coulee". The bridge is located in a slight curve in the road and is a few inches lower than the surface of the road.
There were no guard railings or signs to warn motorists of the presence of the bridge, which is 5 feet more narrow than the blacktop portion of the road. Furthermore, the evidence shows that there was high grass growing in the ditch along the west side of the road as it curved slightly to the east at the north end of the bridge. This grass obstructed to a degree the visibility of the bridge by south bound motorists.
We find the evidence clearly supports the factual conclusion of the trial judge that the maintenance of this bridge, which was 5 feet more narrow than the blacktop, was difficult to see and had no railings or signs to warn motorists of its existence, created an unreasonable hazard for ordinary motorists using due care under the circumstances.
We stated the applicable law in the recent case of Dabov v. Allstate Insurance Company, 302 So.2d 697 (La.App.3rd Cir. 1974), writ refused, La., 305 So.2d 539. In Dabov, we stated the established rule that although the Police Jury is not an insurer against all injury which results from defects in its roads, the Jury does have the duty to maintain parish roads in a condition which is reasonably safe for persons using ordinary care. Furthermore, the Jury is liable for defects which are in the nature of "traps", provided the Jury has had actual or constructive notice of the defect. Where such hazardous conditions exist, the Jury has the responsibility of maintaining signs or other devices to warn motorists of the hazardous condition.
The facts in the Dabov case are very similar to those in the present matter. In Dabov, the bridge involved was about 5 feet more narrow than the road itself, there were no signs or guard rails to warn an approaching motorist and there was grass or shrubbery growing along the shoulder of the road which concealed the presence of the bridge. Under our holding in Dabov, we have no difficulty in affirming that the Police Jury was negligent.
PLAINTIFF'S CONTRIBUTORY NEGLIGENCE
The more serious question is the plaintiff's contributory negligence. The defendant introduced an ordinance adopted by the Police Jury in 1972 fixing a 30 mile per hour speed limit on this parish road from Highway 167 to the Coulee Des Manuel, the creek spanned by the bridge in question. The argument is made that the speed of plaintiff's vehicle (about 50 miles per hour) violated the ordinance and was so excessive as to constitute contributory negligence barring plaintiff's recovery.
The bridge is 9/10 of a mile south of the road's intersection with Highway 167. Speed limit signs and "SlowChildren at Play" signs had been posted about two blocks off the highway. As a motorist left this neighborhood, he crossed a railroad track about ½ mile from the bridge. From that point to the bridge, the terrain was "open country" and there were no speed limit signs. The witnesses' testimony concerning the speed actually posted in the residential area varied from 30 to 45 miles per hour.
The state trooper investigating the accident believed the posted speed in the residential area was 35 to 45 miles per hour. However, he thought the speed limit in the "open country" was 60 miles per hour.
*151 Contributory negligence is a special, affirmative defense which the party relying thereon has the burden of establishing by a preponderance of the evidence, Spriggins v. Broadmoor Esso Service Center, 263 So.2d 365 (La.App. 4th Cir. 1972), writ refused, 262 La. 1155, 266 So.2d 443 (1972) and the authorities cited therein.
The trial judge concluded that the defendant failed to establish by a preponderance of the evidence that the 30 mile per hour speed limit was properly posted on that portion of the road which runs through open farm land outside the residential area. Under the foregoing facts, we find no manifest error, Dufore v. Daugereaux, 122 So.2d 666 (La.App. 1st Cir. 1960). See also Angelle v. Broussard, 209 So.2d 574 (La.App. 3rd Cir. 1967). Likewise, we agree with the trial judge that the plaintiff's speed was neither excessive nor unreasonable.
We also reject defendant's contention that plaintiff was contributorily negligent for not seeing the bridge in time to avoid the accident. As stated above, the high grass along the west side of the road, and the fact that the bridge was a few inches lower than the road, made it difficult for plaintiff to see. The accident occurred during hours of darkness. Plaintiff was not familiar with the road. He had been on it only twice, and the last occasion was 7 or 8 months before the accident. In the absence of any railings or signs, the plaintiff could assume the road ahead was reasonably safe. Under all of the circumstances, he did not have the duty to see such an unusual and obscure hazard.
In brief, plaintiff asks this Court to increase the quantum of the award. Since plaintiff neither answered the defendant's appeal nor filed a separate appeal, this issue is not properly before us, LSA-C.C.P. Art. 2133.
We likewise reject defendant's request to reduce the awards of $1525 in property damages for the total loss of plaintiff's car and $200 for personal injuries. These awards are clearly within the range of the trial judge's discretion.
For the reasons assigned, the judgment is affirmed. All costs are assessed against defendant insofar as costs may be assessed against a police jury.
Affirmed.