**Frank WILSON, Jr., Individually and on behalf of all others similarly situated**

v.

**SHREVEPORT LOAN CORPORATION and H. L. Motors Company, Inc.**

**Civ. A. No. 75-0155.**

United States District Court, W. D. Louisiana, Shreveport Division.

Dec. 17, 1975.

Frank E. Brown, Jr., Huckaby & Piper, Shreveport, La., for plaintiff.

Robert E. Eatman, Eatman & Hunter, Shreveport, La., for Shreveport Loan.

Claudius E. Whitmeyer, Shreveport, La., for H. L. Motors Co.

## RULING ON MOTION

DAWKINS, Senior District Judge.

H. L. Motors Company, Inc., (an original defendant here) having been dismissed from the action, and the class allegations of plaintiff's complaint having been stricken, we now have before us Frank Wilson, Jr.'s renewed motion for summary judgment pursuant to Rule 56, F.R.Civ.P.

Wilson here seeks statutory damages, costs, and reasonable attorney's fees, urging, as grounds for his claims, Shreveport Loan Corporation's (Shreveport Loan) alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 CFR § 226.1 *et seq.* Jurisdiction is conferred upon us by § 130(e) of the Truth in Lending Act, 15 U.S.C. § 1640(e).

Shreveport Loan generally denies the allegations of the complaint. In further opposition to plaintiff's summary judgment motion, defendant contends that there exist genuine issues of material fact; and, in the alternative, if violations do exist, they are excusable as *bona fide* errors.

■ Among Wilson's several contentions, we need proceed no further than his argument that Shreveport Loan's failure to include in the disclosure statement a description of the chattel mortgage to be acquired in connection with an extension of credit is an express violation of the Act. 15 U.S.C. § 1639(a)(8).

Plaintiff's position is well taken. That section provides:

"Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:

\*     \*     \*     \*     \*     \*

"(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."

Planning to purchase an automobile, Wilson sought a loan from defendant. He borrowed the sum of $999.00, inclusive of interest and fees, and executed a chattel mortgage in favor of defendant. In the course of the transaction, Wilson was presented a document styled "Federal Truth-in-Lending Instalment Credit Disclosure Statement." Yet, nowhere in the Statement was there any disclosure of the chattel mortgage to be executed in favor of Shreveport Loan in connection with this extension of credit. This is readily apparent from the Statement itself, and is indisputable.

■■ Defendant's claim of *bona fide* error likewise is without merit. That portion of the Act excusing unintentional violations resulting from *bona fide* errors contemplates mere clerical errors which occur despite reasonable diligence in preparation of the disclosure statement form. "Good faith" errors of law cannot be excused. *Buford v. American Finance Company*, 333 F.Supp. 1243 (N.D.Ga., 1971). The rule of that decision clearly is in accord with the stated purpose of the Act, " \* \* \* that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601. To that end, the Act is remedial, not punitive, and so-called "good faith" errors of law may not be condoned or excused.

Accordingly, finding there to be no genuine issue of material fact, we find as a matter of law that defendant has violated the express provisions of 15 U.S.C. § 1639(a)(8). The identical rule is stated at 12 CFR § 226.8(b)(5).

■ The Act provides that in the event of judgment a successful debtor shall be entitled to twice the finance charge imposed in connection with the transaction, except that such awards shall not be less than $100 nor more than $1,000. 15 U.S.C. § 1640(a)(1). The finance charge imposed here was declared to be $216.78; thus, an award of $433.56 is commanded. Moreover, plaintiff is entitled to costs of the action together with reasonable attorney's fees, which we hereby fix in the sum of $250.00. 15 U.S.C. § 1640(a)(2).

Plaintiff's counsel hereby is directed to submit a judgment in accord with this ruling within five days.