401 So.2d 1246 (1981)
BAKER BANK AND TRUST COMPANY
v.
Robert Lee MATTHEWS, Sr., et al.
No. 14203.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
Rehearing Denied August 25, 1981.
*1247 E. Wade Shows, Baton Rouge, for plaintiff-appellant Baker Bank and Trust Co.
Ford T. Hardy, Jr., New Orleans, for defendants-appellees Robert Lee Matthews, Sr., and Joyce Busby Matthews.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
On August 10, 1976, defendant Robert Lee Matthews executed a collateral chattel mortgage note in the amount of $21,624.12. The note was secured by a collateral chattel mortgage on a 1973 Chrysler Newport automobile.[1] On October 12, 1976, Matthews and his wife, Joyce Busby Matthews, executed a collateral mortgage note in the amount of $25,000. This note was secured by a collateral mortgage on certain real estate, described as Lot A-7-A of the S. E. Robinson Tract. Both notes and their respective mortgages were allegedly pledged to secure a hand note, executed on October 11, 1976,[2] in the amount of $35,804.16. All notes were payable at Baker Bank & Trust Company.[3] The Matthews made only four payments of $426.24 each, totalling $1,704.96. This left a pay-off of $29,192.56 as of April 28, 1978, as figured by Keith Powers, Vice-President of Baker Bank.
On May 1, 1978 Baker Bank filed a petition for executory process and the mortgaged property was seized. The defendants filed an injunction to arrest the seizure and sale, alleging, among other things, the hand note did not state it was secured by the collateral chattel mortgage and note. The parties then entered into a stipulation whereby the plaintiff agreed to convert the executory proceeding into an ordinary proceeding and the defendants agreed to waive all claims for damages resulting from the dissolution of a temporary restraining order.
Meanwhile, defendants, through their attorney, wrote a letter to Baker Bank, stating they were entitled to rescind the loan because the creditor had failed to make the required disclosures involving the security interest. The letter stated that because of *1248 this violation the bank was obligated to terminate the security interest created by the transaction. The letter closed, "Tender is hereby offered of reasonable value."
Defendants then filed an answer to Baker Bank's petition and a reconventional demand, alleging they had rescinded the consumer credit transaction and Baker Bank had failed to comply with the law by returning any earnest money, downpayment, etc. They further alleged the Baker Bank had failed to take the necessary action to terminate the security interest and therefore the bank should forfeit all principal, interest and charges, and that the Matthews were entitled to penalties, actual damages, attorney's fees and all reasonable costs.
A trial on the merits was held and judgment was rendered against Baker Bank and in favor of the Matthews on the main demand. On the reconventional demand judgment was rendered in favor of the plaintiffs in reconvention (the Matthews) and against Baker Bank. The trial court recognized the Matthews' right to rescind the loan and to receive any earnest money, down payments and interest payments, all with legal interest from the date of judicial demand. The bank was ordered to cancel the finance charges and the clerk of court was ordered to cancel the notes and mortgages. The bank was granted a set-off in the amount of the proceeds the Matthews actually received. Baker Bank was ordered to pay all costs. Attorney fees were awarded to the Matthews in the amount of $1,000. Baker Bank has appealed.
As a preliminary matter, we note the applicable law in this area is the Consumer Credit Protection Act, 15 U.S.C. § 1601 (1968), et seq., also referred to as the "Truth in Lending" law. The Act requires a creditor to make various disclosures to the consumer and failure to do so results in certain penalties for the creditor. If a consumer proves there has been a failure to disclose any information required to be disclosed under the Act, the consumer is entitled to twice the amount of the finance charge, (but no more than $1,000 and no less than $100) costs and attorney's fees. 15 U.S.C. § 1640(a) (1968). These damages must be sued for within one year of the date of the violation. 15 U.S.C. § 1640(e) (1968). A more severe remedy is provided by 15 U.S.C. § 1635 (1968). If a consumer proves the creditor failed to make a material disclosure the consumer is entitled to rescind the loan. By invoking this action the consumer is relieved of his obligation to pay any finance or other charges and the security interest given becomes void. The loan is effectively "cancelled" and certain steps are taken by the consumer that could result in the consumer retaining the loan proceeds.
The first issue to be decided is whether the loan was a consumer loan or a commercial loan. (If the loan is a commercial loan the consumer credit law has no application.) The word "consumer" is defined by 15 U.S.C. § 1602(h) (1968) as follows:
"The adjective `consumer,' used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household, or agricultural purposes." (Emphasis added.)
We find no manifest error in the trial court's determination that the loan was used primarily for personal reasons. A careful examination of the record shows the loan proceeds were used admittedly for both personal and commercial reasons. The Matthews received $13,000 in proceeds in August of 1976 and there is no question that these funds were used to pay off several personal debts. The Matthews in effect "refinanced" the first loan in October and received a total sum of $24,000 in proceeds. Of this sum $14,870.29 was used to pay off the balance of the first loan and $9,129.71 was deposited to a checking account in the *1249 name of Matthew Tool Company.[4] It is apparent the majority of the loan proceeds was used to pay off the first loan, which was clearly for personal use. Even if the remaining funds were used totally for commercial reasons we still conclude the nature of the loan was primarily consumer, therefore the federal consumer protection laws are applicable. The consumer protection laws are to be construed liberally in favor of the consumer. Sellers v. Wollman, 510 F.2d 119 (5th Cir. 1975).
The next issue is whether or not the trial court erred in finding the plaintiff had failed to comply with the federal "Truth in Lending" law. The pertinent statute, 15 U.S.C. § 1639 reads in part as follows:
"... (a) Any creditor making a consumer loan ... shall disclose each of the following items, to the extent applicable:
. . . .
"(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."
The Consumer Credit Act is supplemented by the Truth in Lending Regulations promulgated by the Board of Governors of the Federal Reserve System. (12 C.F.R. § 226.1 (1974), et seq.) Section 226.8 deals particularly with the required disclosures. The pertinent language is as follows:
"(a) General Rule. Any creditor when extending credit ... shall ... make the disclosures required by this section.... At the time disclosures are made, the creditor shall furnish the customer with a duplicate of the instrument or a statement by which the required disclosures are made and on which the creditor is identified. All of the disclosures shall be made together on either
(1) The note or other instrument evidencing the obligation on the same side of the page and above or adjacent to the place for the customer's signature; or
(2) One side of a separate statement which identifies the transaction."
Section 226.8(b)(5) specifically requires that any security interest be disclosed and a clear identification of the property be given. An inscription on the $35,804.16 hand note states it is secured by the collateral mortgage and mortgage note on Lot A-7-A of Robinson Tract. No mention is made of the collateral chattel mortgage note or the collateral chattel mortgage. Also offered as exhibits were two disclosure statements, one dated August 10, 1976 and the other dated October 11, 1976. Both statements are marked at the top of the page as being statements for "secured" loan. At the bottom of both statements there is a space provided in which the security is to be described. In both statements this space is left blank.
The evidence supports the trial court's conclusion that the proper disclosures were not made. Although the real estate mortgage was mentioned on the hand note, there is absolutely no reference to the collateral chattel mortgage note or its chattel security. Therefore, Baker Bank did not comply with the Truth in Lending law which requires disclosure of all security.
Baker Bank argues even if they have failed to make a disclosure, the error was not a material one so as to give the Matthews the right to rescind the loan. Again, we find it necessary to quote the pertinent parts of 15 U.S.C. § 1635.
"(a) ... in the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under *1250 this section and all other material disclosures required under this part, whichever is later, by notifying the creditor ... of his intention to do so."
The Matthews argue they have the right to rescind because the material disclosures were never made. Counsel for Baker Bank argues this error should be classified as an unintentional violation for which the creditor is exempt under 15 U.S.C. § 1640(c).[5] We agree with the trial court's rejection of this argument. This defense contemplates clerical errors that arise in spite of a reasonable system for correcting them. McGowan v. King, Inc., 569 F.2d 845 (5th Cir. 1978). Further, the defense is unavailable in the present case because the record shows the creditor did not offer any evidence that a reasonable procedure had been employed to prevent such "clerical" errors. Without this affirmative evidence the defense cannot be invoked. Turner v. Firestone Tire & Rubber Co., 537 F.2d 1296 (5th Cir. 1976).
Baker Bank argues further the failure to disclose the security interest did not constitute failure to disclose a material fact because Mr. Matthews knew the property was being used as security. Although 15 U.S.C. § 1635 required there be a material nondisclosure in order for the debtor to rescind the contract, the statute does not define the word "material." The meaning of the word material was discussed in Bustamante v. First Federal S. & L. Ass'n, Etc., 619 F.2d 360 (5th Cir. 1980). The Fifth Circuit noted the word has not been defined by statute, regulation, legislative history or jurisprudence. The court stated materiality must be determined in the context of the purpose of the Act. Section 1601 states the purpose of the act is to promote the "informed use of credit" by "assuring a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him." The court concludes a material disclosure is one that "relates to information that would affect the credit shopper's decision to utilize the credit." The court cited Smith v. Chapman, 614 F.2d 968 (5th Cir. 1980), for the proposition that it is well settled an objective standard is used in determining violations of the Truth in Lending law. It is not necessary for the plaintiff-consumer to have actually been deceived for there to be a violation. The Bustamante court continued, "We apply, instead, an objective standard to determine the materiality question, based on what a reasonable consumer would find significant in deciding whether to use credit."
We find there has been adequate disclosure of the security interest in the real estate, because the property was described on the face of the hand note, which is permissible under 12 C.F.R. § 226.8(a)(1) (1974). But there is not one iota of evidence showing the security interest on the automobile was ever disclosed to the Matthews. We must remember the value of a 1973 Chrysler Newport in 1976 was a great deal more than it is today. A reasonable consumer would find it significant that his automobile was being used as security. In Wilson v. Shreveport Loan Corporation, 404 F.Supp. 375 (W.D.La.1975), the U. S. District Court held the failure to disclose the existence of a chattel mortgage was a material nondisclosure so as to invoke the rescission remedy under the Truth in Lending law. It has been held there must be strict compliance with the technical requirements of the Act because only strict compliance will promote the standardization of terms which will permit consumers to readily make meaningful comparisons of available credit alternatives. Smith v. Chapman, supra.
Appellees have filed a supplemental brief in which they contend they are entitled to keep the proceeds of the loan because they made a proper tender of the proceeds to Baker Bank. 15 U.S.C. § 1635(b) (1968) requires the obligor to notify the creditor of *1251 his wish to rescind the loan. Upon receipt of the notice the creditor is to return any earnest money, downpayment, or other money given and to cancel any security interests. After the creditor performs these acts the obligor is to tender the property to the creditor, or offer to pay its reasonable value. If the creditor does not take possession of the property within ten days after tender, ownership of the property vests in the obligor without any obligation on his part to pay for it.
We agree with the trial court's observation that no serious tender was made because under the circumstances, the Matthews were unable to return the funds. Testimony showed the Matthews made the loan in order to consolidate bills, promote the tool and to use for general living expenses. When asked about his ability to repay the loan as of the date of tender, Mr. Matthews responded as follows:
"Q. Did you instruct your attorney to direct a letter to the Baker Bank and Trust Company and offer to them a reasonable value to pay off the loan?
A. Yes, sir.
Q. And you knew that you didn't have the money to pay off that loan did you Mr. Matthews?
A. That's correct.
. . . .
Q. Okay. Well, did you ask your lawyer ifdid he ask you before he wrote that letter if you could pay the loan off?
A. We talked about it and he asked me if I couldif I had family or someone that could come up with a sufficient amount of money to satisfy the loan. And I told him that I didn't know, we could check it out and see.
Q. But you didn't think so?
A. I told him I didn't know."
We find no abuse of discretion by the trial court in its concluding the "tender of loan proceeds" was but an empty offer, due to the Matthews' financial circumstances at the time. We therefore agree the Matthews are not entitled to keep the loan proceeds.
As regards the award of attorney fees herein, we find the trial court erred. Under 15 U.S.C. § 1640, before attorney fees may be assessed the cause of action must be brought within one year from the date of the violation. That was not done in this instance and, therefore, the claim for attorney fees has prescribed. Anderson v. Lester, 382 So.2d 1019, 1028 (La.App. 3d Cir. 1980).
Accordingly, the judgment of the trial court will be amended and recast in our decree, as follows:

DECREE
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment on the main demand in favor of plaintiff, Baker Bank and Trust Company, and against the defendants, Robert Lee Matthews and Joyce Busby Matthews, for the sum of $24,000, representing the total sums actually advanced to the defendants, plus legal interest thereon from date of judicial demand, until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment on the reconventional demand in favor of plaintiffs-in-reconvention, Robert Lee Matthews and Joyce Busby Matthews, and against defendant-in-reconvention, Baker Bank and Trust Company, rescinding the loan of October 11, 1976, represented by a note in the amount of $35,804.16.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment on the reconventional demand in favor of plaintiffs-in-reconvention, Robert Lee Matthews and Joyce Busby Matthews, and against defendant-in-reconvention, Baker Bank and Trust Company, for the total sums paid by the said Robert Lee Matthews and Joyce Busby Matthews in connection with the aforesaid loan of October 11, 1976, regardless of the purpose or designation of their payments, same to bear legal interest from date of judicial demand, until paid.
*1252 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff and the defendants may, to the extent possible, off-set against each other the respective sums they have been ordered to pay pursuant to the main and reconventional demands herein.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of Court and Recorder of Mortgages for the Parish of East Baton Rouge, or such other office or agency as may be custodian, cancel the following mortgages and notes:
1. Collateral mortgage executed by Robert Lee Matthews, Sr. and Joyce Busby Matthews, dated October 12, 1976, in the amount of $25,000, affecting Lot A-7-A of the S. E. Robinson Tract, recorded in Mortgage Book ____, Folio ____.
2. Collateral mortgage note executed by Robert Lee Matthews, Sr. and Joyce Busby Matthews, dated October 12, 1976, in the amount of $25,000, secured by the aforesaid collateral mortgage of even date.
3. Collateral chattel mortgage executed by Robert Lee Matthews and/or Joyce Busby Matthews, dated August 10, 1976, in the amount of $21,624.12, affecting one certain 1973 Chrysler Newport automobile.
4. Collateral chattel mortgage note executed by Robert L. Matthews, dated August 10, 1976, in the amount of $21,624.12, secured by the aforesaid collateral chattel mortgage of even date.
5. One certain promissory note (hand note), executed by Robert L. Matthews and Joyce Busby Matthews, dated October 11, 1976, in the amount of $35,804.16 payable to the order of Baker Bank and Trust Company, and stated to be secured by a collateral mortgage and mortgage note dated October 12, 1976, in the amount of $35,804.16, affecting Lot A-7-A of Robinson Tract, East Baton Rouge Parish.
Costs are to be paid one-half by the plaintiff and one-half by the defendants.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] Although the record does not specify, it is assumed a hand note was executed.
[2] There is no explanation for why the hand note predated the second mortgage note.
[3] Baker Bank is now known as First State Bank and Trust Company of East Baton Rouge Parish.
[4] Mr. Matthews testified he used part of these funds to promote a tool he had patented and part for his daily living expenses.
[5] "A creditor may not be held liable in any action brought under this section for a violation of this subchapter if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."