410 So.2d 768 (1981)
Fannie James INGRAM, Plaintiff-Appellee,
v.
RELIABLE FINANCE COMPANY, INC., Defendant-Appellant.
No. 8466.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1981.
On Rehearing February 3, 1982.
Rehearing Denied March 23, 1982.
*769 Craven & Scott, Samuel H. Craven, Alexandria, for defendant-appellant.
Irving Ward-Steinman, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY, FORET, SWIFT and YELVERTON,[*] JJ.
DOMENGEAUX, Judge.
This suit arises out of a loan transaction between Reliable Finance Company, Inc., (Reliable), defendant-appellant, and Fannie James Ingram, plaintiff-appellee, and two other co-borrowers not made party to this suit.
*770 On November 1, 1973, defendant loaned plaintiff along with her co-borrowers, the sum of $4,680.84. This debt was represented by a promissory note secured by a chattel mortgage on certain items owned by the plaintiff. When payments on the note became past due defendant filed suit against plaintiff on September 7, 1978, for foreclosure of the chattel mortgage under executory process (Suit No. 106631 in the Ninth Judicial District), and obtained a seizure of all of the items reflected on the chattel mortgage. The seized items were sold at a sheriff's sale on October 11, 1978 to Reliable, the plaintiff in the foreclosure suit and the defendant in the present suit. Plaintiff did not intervene in the original foreclosure sale, but did respond to a subsequent petition for deficiency judgment by asserting a claim of nullity arising out of defects in the executory proceedings. Plaintiff's exception was overruled and defendant was granted a deficiency judgment.
The present suit was instituted by the plaintiff to nullify the judgments of the previous suits brought by the defendant, and to collect damages, penalties and attorney fees. The trial court found in favor of the plaintiff and awarded plaintiff judgment in the amount of $1,500.00 for damages resulting from the illegal seizure under the executory proceedings. Additionally, the trial court refused to grant attorney fees or to nullify the judgments obtained under the executory and deficiency proceedings.
The defendant has appealed specifying that the trial court erred in (1) refusing to grant defendant's Exception of No Cause of Action, and (2) awarding damages.
The plaintiff has answered the appeal seeking (1) penalties and attorney fees under the Truth in Lending Act and Regulation Z, and (2) nullification of the executory and deficiency proceedings.
Our jurisprudence is well settled that the exception of no cause of action is tried solely on the face of the petition and attached documents. In ruling on an exception of no cause of action, all well-pleaded facts in the petition and attached documents must be accepted as true and any doubt must be resolved in favor of the sufficiency of the pleadings to state a cause of action. Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975). After closely reviewing the plaintiff's petition and according it the proper weight we find that the defendant's exception was properly overruled.
Plaintiff and her co-borrowers obtained a loan from defendant Reliable for their personal use. Thus, they were extended "consumer credit" within the meaning of the Truth in Lending Act.[1] Reliable is a creditor who regularly extends credit which is payable by agreement in more than four installments and requires payment of a finance charge in connection with its loans.[2] Likewise, Reliable is a creditor within the meaning of the Truth in Lending *771 Act. Both the Act and Regulation Z require a clear and complete descriptive list of all security given in exchange of credit.[3] The failure of the lending creditor to include in debtor's copy of the Federal Disclosure Statement a description of the chattel mortgage acquired in connection with the extension of credit, constitutes a violation of the Truth in Lending Act. Wilson v. Shreveport Loan Corporation, 404 F.Supp. 375 (W.D.La.1975).
In the loan agreement before us there is an obvious discrepancy between the original Federal Disclosure Statement filed into evidence as D-1 and attached to this opinion as Appendix-1, and the ribbon copy of that statement filed into evidence as P-1 and attached to this opinion as Appendix-2. The defendant's original (see Appendix-1) contains some forty-five items listed as security in the form of a chattel mortgage. The plaintiff's ribbon copy (see Appendix-2) lists only fourteen of these items. Plaintiff testified that the thirty additional items located on defendant's Federal Disclosure Statement were added without her knowledge or consent after she received her copy. Considering the above, we find that the record supports the trial court's finding that the thirty items in question were added to defendant's Federal Disclosure Statement after plaintiff received her copy.
The failure to completely list the security in the plaintiff's copy of the Disclosure Statement clearly violated 15 U.S.C. § 1639(a)(8) and 12 C.F.R. § 226.8(b)(5). Wilson v. Shreveport Loan Corporation, supra. Once a violation of the Truth in Lending Act is determined there is no discretion as to the imposition of the penalty and attorney fees.[4]Grant v. Imperial Motors, 539 F.2d 506 (5th Cir. 1976); Owens v. Magee Finance Service of Bogulusa, Inc., 476 F.Supp. 758 (E.D.La.1979).
Accordingly, we amend the trial court's judgment and award plaintiff the statutorily imposed penalty of $1,000.00. Additionally, we grant plaintiff an award of attorney fees in the amount of $3,500.00.
The trial court made factual determinations which, we believe are supported by the record.
Rather than paraphrase, we quote herewith:
"Although the facts in this case were difficult to ascertain, the court is satisfied that plaintiff's copy of the federal disclosure statement (P-1) is a ribbon copy of defendant, Reliable Insurance Co., Inc.'s *772 federal disclosure statement (D-1), except that plaintiff's copy did not reflect some 30 items that are reflected by defendant's original. The court is convinced that these 30 additional items, which will be referred to as `add-ons', were added to defendant's federal disclosure statement after she signed same, and had obtained her copy (P-1).
The court is not so sure as to whether the chattel mortgage in question had all of the items, including the `add-ons', at the time Fanny Ingram signed it, although the xerox copy in evidence does indicate a different style or species of typewriting. Taking everything into account and weighing the evidence as carefully as possible, the court concludes that the so-called 30 `add-on items' were probably added to the original chattel mortgage after Fanny Ingram signed same, just as was done with respect to the federal disclosure statement.
* * * * * *
The plaintiff testified that she was considerably upset over the advertisement in the newspaper and also upset over visits by representatives of the defendant, Reliable Finance Company, Inc., coming to her home with talk of taking her furniture, etc. She apparently suffered some substantial mental distress and anxiety over the entire situation."
We have reviewed the record and find no error in the trial court's conclusion that the chattel mortgage was improperly altered. Therefore, the seizure and sale of the thirty "add-on" items under the executory proceedings in suit number 106613, made part of this suit on appeal, was prohibited. As such the seizure and sale are to be declared null insofar as they relate to the thirty "add-on" items of the chattel mortgage.
As a result of the illegal seizure of the thirty "add-on" items on the chattel mortgage, the trial court granted plaintiff an award of $1,500.00 for general damages. Absent an initial determination that the trial court's very great discretion in awarding general damages has been abused under the facts of a particular case, the reviewing court should not disturb the trier's award. Reck v. Stevens, 373 So.2d 498 (La.1979). Although the plaintiff did not specifically testify that she was considerably upset over the actions of the defendant, our overview of the general tenor of her responses to questions, taken within the context of all facts and circumstances surrounding this situation, could support such a finding. Accordingly, we fail to discern any error on the part of the trial judge when he concluded that the plaintiff "apparently suffered some substantial mental distress and anxiety over the entire situation." Finding no abuse of discretion we affirm the trial court's award for general damages.
A deficiency judgment following a foreclosure under executory process is prohibited where there is any fundamental defect in the proceedings. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Reed v. Meaux, 292 So.2d 557 (La.1973); Blaize, Civil ProcedureDeficiency Judgment After Invalid Executory Process, 29 La. Law Review 405.
The thirty "add-on" items, as determined by the trial court, were not properly part of the chattel mortgage. We find that the seizure and sale of goods not subject to the chattel mortgage constituted an improper use of the executory proceedings, i.e., created a fundamental defect in the proceedings. Therefore, we hold the deficiency judgment in favor of Reliable and against Fannie Ingram in suit number 106613 was prohibited and, as such, should be set aside.
For the foregoing reasons, the judgment of the district court is affirmed as amended and its decree recast as follows:
It is Ordered, Adjudged and Decreed that judgment be rendered herein in favor of plaintiff, Fannie James Ingram, and against defendant, Reliable Finance Company, *773 Inc., in the sum of $1,500.00 representing an award for general damages, $1,000.00 representing the statutorily imposed penalty, and $3,500.00 representing the statutorily imposed attorney fees, totalling the sum of $6,000.00, with legal interest thereon from date of judicial demand until paid.
It is further Ordered, Adjudged and Decreed that the seizure and sale under executory process in suit number 106613, incorporated herein, be declared null and void insofar as it relates to the thirty "add-on" items, said items being shown on Appendix-1 beginning with "One Walnut What-Not Shelf" and ending with "One Wall Clock."
It is further Ordered, Adjudged and Decreed that the deficiency judgment in suit number 106613, incorporated herein, be declared null and void, and that the inscription of said judgment in the mortgage records of Rapides Parish be cancelled.
All costs of appeal are assessed against the defendant, Reliable Finance Company, Inc.
AMENDED AND AFFIRMED.
SWIFT, J., dissents in part and assigns reasons.

*774 PPENDIX 1

*775 APPENDIX 2

*776 SWIFT, Judge, dissenting in part.
From my review of the plaintiff's testimony and the record I am unable to find one word therein to the effect that she was upset or affected in any way through this foreclosure. Although the damages need not be established in terms of pecuniary value, humiliation, embarrassment, mental distress and anguish must be shown by competent evidence to sustain an award therefor. McKowen v. McCraine, 244 So.2d 45 (La.App. 1 Cir. 1971); Ray v. South Central Bell Telephone Company, 303 So.2d 877 (La. App. 1 Cir. 1974); Trahan v. Ritterman, 368 So.2d 181 (La.App. 1 Cir. 1979); Lambert v. Donald G. Lambert Const. Co., 371 So.2d 1167 (La.App. 4 Cir. 1978); Captain Kevin Corp. v. Bay Drilling Corp., 380 So.2d 639 (La.App. 1 Cir. 1979); Gele v. Markey, 387 So.2d 1162 (La.1980).
Therefore, I must dissent as to the $1,500.00 award to plaintiff for mental distress and anxiety. Otherwise, I agree with the majority's decision to affirm the judgment.

ON REHEARING
DOMENGEAUX, Judge.
As shown in our original opinion, the trial court awarded plaintiff, Fannie James Ingram, a judgment in the amount of $1,500.00 for damages received from the illegal seizure under the referred to and described executory proceedings. The trial court did not grant attorney fees nor nullify the judgments obtained under the executory and deficiency proceedings.
As also shown in said opinion we affirmed the $1,500.00 award for general damages but awarded plaintiff an additional sum of $4,500.00, representing $1,000.00 as a penalty statutorily imposed under the federal statute referred to therein, and the sum of $3,500.00 as attorney fees. We additionally declared null a portion of the seizure and sale under Suit No. 106613 and also completely nullified the deficiency judgment in that suit.
Defendant-appellant Reliance Finance Company, Inc., now applicant for rehearing, calls our attention to the fact that the plaintiff, Fannie James Ingram, had failed to answer Reliable's appeal, or to appeal herself, and that consequently she is not entitled to the additional relief which this Court granted her.
We find applicant to be correct.
Although the appellate brief filed on behalf of Fannie James Ingram makes strong claim for relief under the Federal Truth in Lending Act and Regulation Z thereof, she has not answered the appeal, nor appealed herself, seeking that relief.
La.C.C.P. Art. 2133 provides, among other things, that an appellee is not obliged to answer an appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant.
In the case of Ellis v. Edmundson, 301 So.2d 720 (La.App. 3rd Cir. 1974), we held that the issue of whether or not the trial court there should have dismissed the appellee's reconventional demand as of nonsuit rather than reject it as though on the merits was not before us. Therein we stated:
"... However, under Article 2133 of the Code of Civil Procedure the defendants in this case should have answered the appeal in order to bring this issue before this court. Since an answer was not filed by the defendants-appellees, this court is without jurisdiction to deal with this issue."
In the case of Daigle v. Robinson Brothers, Inc., 368 So. 186 (La.App. 1st Cir. 1979), it was stated:
"Although plaintiff has filed a brief in this court seeking additional recovery for inconvenience and other alleged damages, plaintiff has neither appealed nor answered Appellant's appeal. Under the circumstances we may not consider the claims made by plaintiff in brief alone. La.C.C.P. Article 2133. Accordingly, the scope of this appeal is limited to Appellant's third party demand against Manufacturer."
See also Martin v. Lafayette Parish Police Jury, 308 So.2d 309 (La.App. 3rd Cir. 1975); *777 Dupre v. Evangeline Parish Police Jury, 315 So.2d 148 (La.App. 3rd Cir. 1975).
Accordingly, we recall that portion of our opinion which granted to plaintiff the additional enumerated relief over and above that granted by the trial court, i.e., the additional $4,500.00, the nullification in part of the seizure and sale under Suit No. 106613 and the nullification of the deficiency judgment in that suit.
For the pertinent reasons set out in our original opinion insofar as it affirmed the judgment of the district court, we now reaffirm that judgment which was rendered in favor of Fannie James Ingram and against the defendant, Reliable Finance Company, Inc., in the sum of $1,500.00, with legal interest thereon from date of judicial demand and which assessed costs to the defendant.
With its application for rehearing, Reliance has, in the alternative, filed a peremptory exception of prescription in this Court, asserting that any suit under the Federal Truth in Lending statutes must be filed within one year from the date of an alleged violation thereof. In view of our decision on rehearing it is not necessary to pass upon the merits of the exception nor Reliable's right to file it under La.C.C.P. Art. 2163.
All appellate costs are assessed against the defendant, Reliable Finance Company, Inc.
AFFIRMED.
SWIFT, Judge, dissenting.
For the reasons stated in my partial dissent to the original decision of this court, I must dissent to the affirmation of the $1,500.00 award to the plaintiff for mental distress and anxiety.
NOTES
[*] Judge Henry L. Yelverton, Fourteenth Judicial District Court, Parish of Calcasieu, presided as Judge ad Hoc in this decision.
[1] "The adjective `consumer', used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, household, or agricultural purposes." 15 U.S.C. § 1602(h).

"`Consumer credit' means credit offered or extended to a natural person, in which the money, property, or service which is the subject of the transaction is primarily for personal, family, household, or agriculural (sic) purposes. `Consumer loan' is one type of `consumer credit'" 12 C.F.R. § 226.2(p).
[2] "The term `creditor' refers only to creditors who regularly extend or arrange for the extension of, credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise. * * *" 15 U.S.C. § 1602(f).

"`Creditor' means a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit, or offers to extend or arrange for the extension of such credit, which is payable by agreement in more than four installments, or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise. * * *" 12 C.F.R. § 226.2(s).
[3] "Any creditor making a consumer loan ... shall disclose each of the following items, to the extent applicable:"

* * * * * *
"(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates * * *" 15 U.S.C. § 1639(a)(8).
"Disclosure in Sale and Nonsale Credit. In any transaction subject to this section, the following items, as applicable, shall be disclosed:
* * * * * *
"(5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify. * * * If after-acquired property will be subject to the security interest ... this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired." 12 C.F.R. § 226.8(b)(5).
[4] "(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of

* * * * * *
"(2)(A)(i) in the case of an individual action, twice the amount of any finance charge in connection with the transaction, ..., except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; * * *
"[and] (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1640.