WATKINS, Judge,
dissenting.
I disagree with both parts of the majority opinion. First, I believe this is, in fact, a suit for deficiency judgment. The Bank, as holder of both mortgages, foreclosed by executory process. The proceeds were applied to satisfy the first mortgage and to partially satisfy the second. The Bank is now suing to impose personal liability on the Wellses for the unpaid balance of the second mortgage debt after foreclosure failed to yield the full amount of the debt. See, e.g., Cameron Brown South, Inc. v. East Glen Oaks, Inc., 341 So.2d 450, 456 *125 (La.App. 1st Cir.1976); Black’s Law Dictionary 379 (5th ed. 1979).
In a deficiency judgment suit, the debtor may raise the substantive defense that his debt was not due when the creditor foreclosed by executory process. League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968). See Reed v. Meaux, 292 So.2d 557, 574 (La.1974) (on reh’g) (Tate, J., concurring) {“any defect in the executory proceedings can be used as a defense to a deficiency judgment....”)[1] This proposition is supported by the strong public policy in favor of protecting the debtor when the creditor employs the harsh remedy of executory process and later seeks a deficiency. H. L’Enfant, 35 La.L.Rev. 442, 456 (1975).
Even if this is not a suit for deficiency judgment, the Wellses may bring a action for wrongful seizure against the Bank. LSA-C.C.P. art. 1061 (“The defendant ... may assert in a reconventional demand any action which he may have against the plaintiff ... regardless of the connexity between the principal and reconventional demands.”) I strongly disagree with the majority opinion’s implication that a debtor’s suit for wrongful seizure under executory process is necessarily waived by his failure to seek an injunction or to appeal suspen-sively from the order of seizure and sale. I do not believe that such a holding is supported by LSA-C.C.P. art. 2641, or by the cases cited in the majority opinion.[2] The Wellses are entitled to present evidence that they were injured by the wrongful conduct of the Bank.

. Other cases from the intermediate appellate courts which support the proposition that substantive defenses may be raised by a debtor in the deficiency judgment action include: Mellon Fin. Servs. Corp. v. Cassreino, 499 So.2d 1160, 1162 (5th Cir.1986) (the lack of authentic evidence to proceed by executory process may be raised in the defense of deficiency judgment action); Chrysler Credit Corp. v. Walker, 488 So.2d 209, 213 (La.App. 4th Cir.1986) (on reh’g) (Schott, J., joined by Barry, J., concurring) (affirming the dismissal of the creditor’s deficiency judgment action because the "note was not delinquent when plaintiff seized the vehicle by executory process”); Plumbing Supply House, Inc. v. Century Nat'l Bank, 440 So.2d 173, 177 (La.App. 4th Cir.1983), writs denied, 444 So.2d 1226 (La.1984) ("the debtor may use any defense, procedural or substantive, which he could have used in the original proceeding_"); Ingram v. Reliable Fin. Co., 410 So.2d 768, 772 (La.App. 3d Cir.1981) (the seizure and sale of goods not subject to the mortgage created a fundamental defect in the executory proceedings which barred a deficiency judgment).

. LSA-C.C.P. art. 2642 states, in permissive language, that "[djefenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale ... or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.” (Emphasis added.) It does not state that injunction and appeal are the exclusive remedies available to an aggrieved debtor.
The court’s reasoning in Ford Motor Credit Co. v. Herron, 234 So.2d 517, 519-20 (La.App. 3d Cir.1970) was dictum because the note involved showed on its face that it was past due and unpaid. The Plumbing Supply case, supra at n. 1, involved a situation not present in our case. There, the debtor brought a suit for wrongful seizure before the sale. The court found that the seizure was not in fact wrongful, but went on to say that under the circumstances the debt- or had waived any defenses to the seizure and sale. Plumbing Supply, 440 So.2d at 177-78. A recent case from the same appellate court that decided Plumbing Supply is more factually similar to our case. In that case, the court affirmed the dismissal of the creditor’s deficiency judgment action because the note sued on was not delinquent when the creditor seized the property by executory process. The court then affirmed an award of damages on the debtor’s reconventional demand for wrongful seizure. Chrysler Credit Corp. v. Walker, supra at n. 1.