59 So.2d 428

**STACK v. DE SOTO PROPERTIES, Inc. et al.**
No. 40330.

April 28, 1952.

Rehearing Denied June 2, 1952.

Wilson, Abramson & Maroun, Shreveport, for plaintiff-appellant.

Colvin & Hunter, Mansfield, for defendants-appellees.

McCALEB, Justice.

J. E. Stack, Sr., the original plaintiff in this suit, filed a petition in the District Court for the Parish of De Soto in which

he sought judgment against defendants, Frank M. Gilliland and De Soto Properties, Inc. (a foreign corporation charged to be the alter ego of Gilliland and his associates), decreeing that he owns an undivided one-half interest in 4,252 acres of land in De Soto Parish, known as Sutherlin Plantation, and ordering defendants to transfer such interest to him and render a full accounting respecting their administration of the property; further, for the appointment of a receiver to take possession of the property and liquidate it pursuant to orders of court and, finally, that he be granted a judgment for such amount as the accounting may show is due and owing him.

Defendants resisted the demands by way of exception of no cause of action. While the matter was pending below plaintiff died and his son, J. E. Stack, Jr., the administrator of his estate, was substituted as party plaintiff. There after the exception was sustained in limine and the suit dismissed by the trial judge. Hence, this appeal.

The theory of the case is that plaintiff, Gilliland and others entered into a joint adventure, having for its purpose the acquisition of Sutherlin Plantation for the exploitation and development of its resources, i. e., minerals, timber, etc. The petition, which is of considerable length, containing forty-one separate articles, is founded in the main on a letter written by defendant, Frank M. Gilliland, an attorney-at-law of Memphis, Tennessee, on June 21, 1941, to his four other associates in the enterprise, to wit: Fred W. Lucas, Everett Cook, Snowden Boyle, and P. J. Lunati (all residents of Memphis), in which he outlines the agreement under which the plantation is to be acquired, and further sets forth the understanding he evidently had with Mr. Stack, Sr., by which the latter was to receive, under certain conditions, an undivided one-half interest in the plantation in recompense for services rendered.

We do not find it necessary to recite in detail the various charges made in plaintiff's petition. Suffice it to say that, stripped of its conclusions and considered in connection with its supporting documents, which were filed in compliance with a prayer for oyer of defendants, the petition discloses the following facts.

On November 6, 1941, De Soto Corporation, of Mansfield, Louisiana, conveyed the Sutherlin Plantation to J. E. Stack, Jr. (the substituted plaintiff), for a consideration of $60,000, of which $25,000 was paid in cash and the balance represented by two vendor's lien mortgage notes, made by Stack, Jr., each for $17,500, due, respectively, one and two years after date. On the same day, Stack, Jr., transferred the property unto Gilliland and P. J. Lunati (one of the members of the syndicate) for $500 and other valuable considerations and subject to the mortgage notes held by De Soto Corporation. This conveyance was in conformity with the plan outlined in

Gilliland's letter of June 21, 1941, to the other syndicate members hereinabove named, in which it was set forth that Stack, Sr., had induced his son to purchase the property and execute the mortgage notes in his own name so that the five syndicate members would not become personally responsible for the unpaid purchase price, and that Stack, Jr., would immediately, upon acquisition of the property, transfer it to two members of said syndicate.

As above stated, it was by virtue of this letter that the personal services rendered and to be rendered by Stack, Sr., in execution of the plan to acquire the property, is recognized, it being provided that he will be compensated therefor by receiving an undivided one-half interest in the plantation, if and when acquired, under certain contingencies. The stipulation reads as follows:

"In consideration of said Stack's services in discovering the oil and gas possibilities of the property and negotiating for the purchase of the property, and of the services he is to render in the future of planning and supervising its development, the plan further provides that, if and when the purchase price of the property, or such part thereof as we may be required to advance, has been returned to us in full from the income therefrom or profit from the resale of the property, or part thereof, or interest therein, he shall then become entitled to and receive an undivided one-half interest in the property, provided that said advances be returned prior to the due date of the last maturing deferred purchase payment note."

It is not alleged in the petition that the syndicate members were returned the advances made by them prior to November 6, 1943 (the due date of the last maturing deferred purchase payment note), and it is because of this that defendants contend that no cause of action is disclosed, it being their position that the stipulation for the return of the advances was a condition precedent to the acquisition by Stack of an interest in the property.

On the other hand, counsel for plaintiff, while frankly conceding that it can neither be alleged nor shown that all of the defendants' outlays had been recouped prior to the due date of the last mortgage note, say that, since it has been charged that, between November 6, 1941, and August 16, 1946, Lunati and Gilliland, through various transactions, received sums which netted defendants greatly in excess of all advances made by the syndicate, Stack's interest in the real estate has become secured, because, aside from other reasons, time was not of the essence of the contract.

We are satisfied that the trial judge was correct in rejecting the contention of plaintiff's counsel. The above quoted stipulation in the letter of Gilliland is not subject to construction. It sets forth with clarity the nature of the services rendered

by Stack, Sr., to the syndicate and provides that he be compensated by being given a one-half interest in the property, if and when acquired, but only in case the syndicate has been reimbursed for the purchase price and other advances in full from revenues or income derived from the property "prior to the due date of the last maturing deferred purchase payment note." The provision does not vest in Stack, Sr., any interest, either in praesenti or futuro, in the plantation as plaintiff's counsel apparently believe. On the contrary, it is stated that, when the advances are returned within the stipulated time, "he shall then become entitled to and receive an undivided one-half interest * * *," thus, giving to Stack merely a right to demand specific performance upon the happening of the condition. Article 2462, Civil Code; Ober v. Williams, 213 La. 568, 35 So.2d 219.

■ Article 1945 of the Civil Code provides that agreements have the effect of law upon the parties, who alone can abrogate or modify them, and that the courts are bound to give effect to all contracts according to the true intent of the parties when the language is clear and leads to no absurd consequences. Conformable with this principle, which is also stated in Article 1901 of the Code, this Court has many times observed that it is not with its province to alter or make new contracts for the parties, its duty being confined to the interpretation of the agreements the parties have made for themselves, and, in the

absence of any ground for denying enforcement, to render them effective. Moriarty v. Weiss, 196 La. 34, 198 So. 643; Texas Co. v. State Mineral Board, 216 La. 742, 44 So.2d 841.

■ The contention of counsel for plaintiff, that time is not of the essence of this contract, is not tenable. Recognition of plaintiff's right to an interest in the property is plainly provided to be contingent upon a recoupment of the advances by the syndicate members prior to the due date of the last maturing purchase payment note.

■ Another argument of counsel, that the condition is resolutory rather than suspensive, is likewise without substance. Article 2043 of the Civil Code defines the suspensive condition as one which depends on a future or uncertain event, which is exactly the situation in the case at bar. A resolutory condition, on the other hand, is declared by Article 2045 as one which, when accomplished, operates as a revocation of the obligation, placing matters in the same state as though the obligation had never existed. That, of course, is not true of this case as no obligation to give Stack, Sr., an undivided one-half interest in the property ever came into being; his rights were wholly contingent upon the happening of the suspensive condition.

■ Counsel for plaintiff further insist that, since there was a joint adventure for the acquisition and development of the

plantation, Stack, Sr., is entitled to have his interest recognized and that resort to parol evidence is permissible for this purpose.

There is no merit in the point. To begin with, an examination of the letter of Gilliland readily discloses that there was a joint adventure only insofar as concerns the men engaged in financing the project. Stack, Sr., had rendered services for which he was to receive an undivided one-half interest in the property, subject to the contingency above pointed out. He was not a partner; he assumed no responsibilities, and was not in anywise liable for the debts of the enterprise. In addition, even were it otherwise, Stack, Sr., could not be permitted, in view of Articles 2275, 2276 and 2440 of the Civil Code to introduce parol evidence to prove an interest in the plantation, Cernich v. Cernich, 210 La. 421, 27 So. 2d 266, or even to show a waiver of the suspensive condition. Di Cristina v. Weiser, 215 La. 1115, 42 So.2d 868.

Despite the multitudinous averments of the petition, there are no facts contained therein which would take it out of the general rules governing obligations to which we have heretofore referred. As we have said, it is not contended that the advances were recovered by the syndicate prior to the due date of the last vendor's lien note, nor is it alleged that the syndicate could have been reimbursed within the time limit by diligent effort on the part of the defendants. In these circumstances, a trial on the merits would be of no avail

to plaintiff. Hence, the exception was properly sustained.

The judgment appealed from is affirmed.

HAMITER, J., concurs in the decree.