FRUGÉ, Judge.
This is an action for attorney fees allegedly due on a contract between plaintiff, a law partnership, and defendant. The defendant moved for summary judgment and the trial court granted the motion. Plaintiff appeals.
On October 4, I960, Roos & Roos, a partnership consisting of two attorneys, entered into a written contract with defendant, whereby plaintiff was to represent defendant in her efforts to obtain an interest in the succession of her deceased husband. The pertinent part of the contract concerning plaintiff’s remuneration is as follows:
“TERMS OF AGREEMENT
“In consideration of the legal services rendered and to be rendered by the said attorneys, client does hereby assign, set over and transfer to the said attorneys, who hereby acquire as their fee, an undivided contingent interest in and to the claim of client growing out of the aforesaid interests as widow and beneficiary and donee against any and all persons, firms, individuals, or corporations who are or may be liable therefor to client as follows:
“25% of all money or property recovered as client’s interest in community property and gifts without suit, above the sum or value of $3605.18.
“33]/s% of all money or property recovered as client’s interest in community property and gifts after suit is filed, above the sum of $3605.18.
“25% of all money or property to which client is entitled as her interest in income from the trust property, during the first two full years of the trusts operation.
“The attorneys accept said employment and hereby agree to undertake the handling of said claim, to the best of their ability, and, if necessary in the opinion of attorneys, to file suit and handle the suit of client as they are incurred.
“Both parties hereby agree that the assignment to the attorneys is coupled with an interest and is irrevocable, and that the claim of client will not be settled, compromised, released, discontinued or otherwise disposed of without the written consent of both parties to this agreement.
“However, if I should by any court be forced to pay my former attorneys, Kizer, Heaton, Craig & Cangelosi, the sums agreed upon formerly by me in such case you will receive only ten per cent (10%) of the amounts recovered by *491 you or me for the first two contingencies mentioned above.
“And, in connection with the third contingency, if my said former attorneys should through any formal court be held to be entitled to recover 25'% of my income for the second of the two full years mentioned in my former agreement with them, then for that year you will not receive a percentage on the income from the trust property, but you will receive 25% of that income for the next two full years thereafter. All costs and expenses are to be paid by me as they accrue. I agree no compromise, release, discontinuance can be made without the written consent of you and me, and that you will and do acquire as your fee an undivided contingent interest in and to my interests and claims in and to the property of the estate or my community interests or property therein.”
On October 4, 1965, after considerable effort by plaintiff in and out of court, defendant agreed, with plaintiff’s consent, to compromise her claims to her husband’s succession. She received $6,165.76 cash as community property and 1,701 shares of American Telephone &• Telegraph stock plus $46,444.75 in cash as inter vivos gifts. She was also recognized as the income and principal beneficiary of a testamentary trust created by her husband’s will from his separate property, from which she was already receiving the income.
Defendant thereupon paid the partnership one-third of the community in cash, less $3,605.18, and one-third of the inter vivos gifts consisting of 1,701 shares of American Telephone & Telegraph stock and $46,444.75 in cash. In connection with the payment, the parties entered into an agreement which recognized that plaintiff’s fee in regard to the community property and inter vivos gifts was fully satisfied, and that 25% of the income from the trust for a period of two years had been paid to the plaintiff. However, plaintiff’s right to assert a claim for one-third of the principal of the trust was reserved, without defendant recognizing or admitting the plaintiff was entitled to any such interest.
It is well settled that a motion for summary judgment will be granted only if there is a clear showing that there is no genuine issue of material fact. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3d Cir. 1966), writ refused 249 La. 724, 190 So.2d 236 (1966); Delta Equipment & Construction Co., Inc. et al. v. Royal Indemnity Co., Inc. et al., 186 So.2d 454 (La. App. 1st Cir. 1966).
Defendant, in support of her motion for summary judgment, clearly showed by her own affidavits and the compromise agreement, that she had paid plaintiff the sums due it by the express terms of the contract. Plaintiff did not contradict that the defendant had paid the stated amounts. Instead, plaintiff alleged that the contract was ambiguous as to whether or not it was due one-third of the principal of the trust, and therefore the manner in which the parties had executed the contract should be used to resolve the ambiguity.
The contract, however, is clear and unambiguous, especially as to the remuneration that plaintiff was to receive. The second, third, and fourth paragraphs of the contract quoted above clearly state that the plaintiff was to receive either one-third or one-fourth of the community property and inter vivos gifts and one-fourth of the income from the trust for a period óf two years. There is nothing that indicates or suggests that plaintiff was to receive any part of the principal of the trust. Where the* terms of the contract are so clear, the courts will not modify the contract unless it is contrary to good morals or public policy, which it manifestly is not. Succession of Caine v. Tanho Land & Cattle Co., Inc., 198 So.2d 439 (La.App. 4th Cir. 1967); Arkansas Fuel Oil Corp. v. Maggio, et al., 141 So.2d 516 (La.App. 4th Cir. 1962).
*492 The terms of the contract are clear and unambiguous and must be enforced as they are written, since a contract is considered as the law between the parties. La.Civil Code Art. 1901. Stack v. De Soto Properties, 221 La. 384, 59 So.2d 428 (1952); Texas Co. v. State Mineral Board, 216 La. 742,44 So.2d 841 (1949).
It is clear from plaintiff’s and defendant’s affidavits and the exhibits that defendant paid plaintiff one-third of the community property and one-third of the inter vivos gifts she received, in addition to the one-fourth of the income from the trust which were the sums due plaintiff under the contract.
Therefore, there was no genuine issue of material fact and the trial court properly granted defendant’s motion for summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant’s cost.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.