308 So.2d 309 (1975)
Daniel MARTIN, Plaintiff-Appellant,
v.
LAFAYETTE PARISH POLICE JURY, Defendant-Appellee.
No. 4884.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Rehearing Denied March 12, 1975.
Writ Refused April 24, 1975.
*310 Fredric G. Hayes, Lafayette, for plaintiff-appellant.
Ronald E. Dauterive, Lafayette, for defendant-appellee.
Before FRUGÉ CULPEPPER and DOMENGEAUX, JJ.
FRUGÉ, Judge.
This is an appeal of a judgment by the trial court vacating a temporary restraining order and denying a motion for a preliminary injunction and casting applicant, Daniel Martin, in damages. The applicant has appealed from that judgment. We affirm.
On April 1, 1973, Daniel Martin signed a right-of-way grant to the Lafayette Parish Police Jury for the construction, maintenance and improvement of drainage facilities through his property in Coulee Des Porche, in Section 76, Township 10 South, Range 5 East. Mr. Martin was one of several landowners who signed similar right-of-way grants. After obtaining the right-of-way grants the Lafayette Parish Police Jury began working on the drainage project.
On June 26, as equipment and men operating on the drainage project approached the land of Daniel Martin, he filed a petition asking for a temporary restraining order, a preliminary injunction, and that the preliminary injunction in due course be confirmed into a permanent injunction, prohibiting the Lafayette Parish Police Jury from any digging, constructing or erecting of drainage facilities on his property. Bond was posted by Martin and the Police Jury was prohibited from any further activities in its project, for a period of five days. This action was taken by Martin because he was afraid the work by the Police Jury would destroy trees which he contends were outside the area described in the right-of-way grant.
The Police Jury answered the petition, moved to have the temporary restraining order vacated, and prayed that Martin be condemned to pay the sum of $840.00 per day for all down time charges incurred as a result of the court order. The case was heard on July 3, 1974, and following the presentation of testimony and evidence the court denied the preliminary injunction, removed the temporary restraining order, and cast Martin with all costs and awarded damages to the Police Jury in the sum of $1,500.00. This judgment has been appealed by Martin.
The appellant has urged two specifications of error in his appeal, the first being that the trial court erred in refusing to consider testimony presented without objection at the hearing because it varied the written right-of-way agreement. The appellant points out that his testimony at trial indicated that he would not have signed the right-of-way agreement without conditioning it upon the promise of the Police Jury not to disturb any of the trees outside of the area involved in the improvement of the drainage facility. However, the written evidence contained in the trial record indicates that no such condition was placed upon the appellant's signing of the right-of-way agreement with the *311 Police Jury. The copy of the right-of-way agreement contained in the record is void of any restrictions placed upon the grant. It merely grants unto the Police Jury the necessary right-of-way for the construction, maintenance and improvement of the drainage facilities across the appellant's property according to the Louisiana Department of Public Works drawing file No. P.W.1368-A. A copy of another right-of-way grant signed by Mr. Steele A. Russell, which was signed in conjunction with the same project involving the improvement of Coulee Des Porche, does contain six restrictions limiting the right-of-way grant. The fact that these restrictions are contained within the right-of-way agreement supports the conclusion which we infer the trial judge reached, that if the grant of the right-of-way by the appellant had been limited in any way, those limitations would have been set forth in the right-of-way agreement.
A written contract between two parties is the law as to those parties and the courts are bound to enforce the contract as written. Civil Code Articles 1901 and 1945; Stack v. DeSoto Properties, Inc., 221 La. 384, 59 So.2d 428 (1952); Roos v. Way, 234 So.2d 489 (La.App. 3rd Cir. 1970); Shanks v. Callahan, et al., 232 So.2d 306 (La.App. 1st Cir. 1969). The terms of this written agreement cannot be varied by parol evidence. Civil Code Article 2276. We find that there was no error in the trial judge's refusal to consider the testimony with regard to conditions imposed by the appellant on the grant of the right-of-way to the appellee.
As noted earlier, the focus of the appellant's concern was the destruction of several trees on his property. It is important to note that the appellant himself agreed in his testimony that the trees on his property in the right-of-way area had to be removed. His contention was that the trees beyond the right-of-way were being taken and destroyed by the action of the Police Jury. However, the testimony of Mr. Isaac P. Patin, an assistant parish engineer, testified that the project specifications referred to in the right-of-way agreement required the removal of the trees in question in order to complete the drainage project, as these trees were within the area covered by the above-mentioned Department of Public Works drawing. Even if an agreement had been made orally between the appellant and the appellee with regard to trees outside the right-of-way grant, it is clear from the testimony of Mr. Patin that the right-of-way grant contemplated the removal of the trees in question.
The appellant's other specification of error is that the trial court erred in awarding damages to the Police Jury based on what the appellant considers speculative testimony by a contractor for the Police Jury. It is argued that the award was based solely on the testimony of a bookkeeper for a contractor doing the work for the Police Jury who gave very indefinite answers as to how much it would cost per day to shut down the equipment used on the project. The reading of the testimony of Mr. Robert Manuel indicates that the uncertainty was with reference to the number of days involved in the shut-down period. His testimony was that based on an eight-hour day the going rate for the equipment used was $840.00 per day. With that figure before the court, it was only necessary to multiply the amount of damages per day times the number of days that the job was suspended by the temporary restraining order in order to determine the damages suffered by the appellees. These damages were in no way speculative as contended by the appellant, and therefore we find no error in the trial judge's assessment of damages.
The appellee has argued in his brief that an increase in the award of damages should be granted by this court from $1,500.00, which was granted by the trial judge, to $4,200.00, the figure which reflects the actual damages suffered by the *312 Police Jury during the shut-down time involved. We note, however, that the appellee has not appealed this case nor has it answered the appeal by Martin, asking for an increase in the damage award. Therefore, the award of $1,500.00 damages to the appellee cannot be increased by this court.
For the reasons assigned, the judgment of the trial court is affirmed, with all costs assessed against the appellant.
Affirmed.