CULPEPPER, Judge.
Plaintiff, the grantor of a right of way for construction or improvement of a drainage canal, sues the defendant Police Jury, the grantee, for its alleged failure to comply with certain provisions of the right of way agreement. Specifically, plaintiff demands specific performance or damages for defendant’s alleged failure to comply with a provision of the right of way agreement requiring leveling of land adjacent to the canal. In addition, plaintiff seeks damages for destruction of his fences, a portion of his potato crop, and a portion of his pasture. The trial judge found the Police Jury had complied with the provision of the right of way agreement requiring leveling of the land, but awarded plaintiff $130 for damage for his fence and pasture. Plaintiff appeals those portions of the judgment re *876 jecting his demand for specific performance or damages for leveling the land adjacent to the canal and rejecting his demand for damages to his potato crop.
The dispute arises out of the trial court’s interpretation of the following two conditions imposed on the Police Jury by the right of way agreement:
“C) Restore and level all adjacent land affected as per the contract between the Public Works Department and their contractor, which contractual conditions are made a part hereof.
D) Pay for damages to growing crops or planted grass occasioned by the digging.”
The issues are: (1) Since there never was a contract between the contractor and the Department of Public Works (of the State of Louisiana), is provision “C” a binding contract between plaintiff and defendant for restoration of the property adjacent to the canal? (2) Did the trial court err in holding plaintiff was not entitled to recover for damages to his potato crop, under provision “D”, on the grounds the potato crop was not planted until after the construction of the canal was complete?
GENERAL PACTS
The right of way agreement was executed on August 24, 1974. Prior to its execution, there were negotiations between plaintiffs counsel and the Police Jury. By a letter to the Evangeline Parish District Attorney, plaintiff’s attorney proposed to make the right of way subject to five conditions designed to protect plaintiff’s interest. Further negotiations resulted in the addition of four conditions to the right of way agreement, including provisions “C” and “D” which are quoted above. The right of way agreement was drafted by the district attorney of Evangeline Parish, in his capacity as legal counsel to the Police Jury.
The record shows there was never a contract between a contractor of the jury and the Public Works Department. The Police Jury contracted directly with Kent Construction Company to dig the canal. The Louisiana Department of Public Works is not a party to this contract. The written contract between Kent Construction Company and the Police Jury does not mention the Department of Public Works, nor does it specify any treatment of the spoil bank.
The Department of Public Works did supply the Police Jury with various engineering services in connection with the construction of the canal, including the specifications for treatment of spoil banks. In advertising for bids on the project, the Police Jury noted that the work had to be performed according to Department of Public Works specifications. A copy of these standard specifications was introduced into evidence at trial. In pertinent part, the specifications provide:
“Where the channels go through cultivated or open land or pastureland or orchards, the existing and new spoil banks shall be spread and dressed with a bulldozer, or other suitable equipment, so that the maximum height of the spoil shall not be more than two feet above natural ground unless otherwise shown on the plans or called for in the special provisions of these specifications . . The surface of the spread spoil shall be dressed to a smooth and uniform condition.”
The record shows that when the canal was complete, the construction company left the spoil banks at a level of about two feet, with some spots slightly higher and some lower. In response to plaintiff’s complaints about the condition of the spoil banks, Edgar Ortego, Police Juror from the ward in which plaintiff’s property was located, dispatched a Police Jury employee with a motor grader to level or smooth the spoil banks. In addition to leveling the bank, the grader operator dug three ditches to facilitate drainage of plaintiff’s property.
WAS THERE A CONTRACT TO LEVEL ADJACENT LAND?
Plaintiff argues that since the Police Jury drafted the right of way agreement, any ambiguity should be construed against the *877 Jury. LSA-C.C. 1958. It follows, according to plaintiff, that because there was no contract between the contractor and the Department of Public works, provision “C” of the right of way agreement is ambiguous and should be interpreted by us to read as follows: “Restore and level all adjacent land affected.” We do not agree that this is the proper interpretation of the contract.
In his February 7, 1974 letter to the district attorney, plaintiff’s attorney proposed that the right of way be subject to this provision: “Restore and level all land affected to the same surface height it was before.” The Police Jury was apparently unwilling to accept this proposal, as it drafted the final copy of the right of way agreement with a provision making the land leveling obligation subject to the terms of a contract between the Department of Public Works and the contractor. Thus, the Police Jury did not intend to obligate itself to restore the land adjacent to the canal ,to its original condition.
There is no ambiguity in provision “C” of the right of way. It is susceptible of only one interpretation. It clearly states that adjacent land “will be leveled . as per the contract between the Department of Public Works and their contractor, . .” Since no such contract ever existed, there was never a “meeting of the minds” or the mutual consent necessary for formation of a contract.” LSA-C.C. Articles 1766, 1799 and 1945. In such a case, it is not within the province of the court to alter or make a new contract for the parties. LSA-C.C. Article 1945; Stack v. DeSoto Properties, 221 La. 384, 59 So.2d 428 (1952); Savoie v. Bills, 317 So.2d 249 (La. App. 3rd Cir. 1975). Since there is no contract between the parties to regulate the treatment of spoil banks adjacent to the canal, we must leave the parties as they are.
Our recent decision in Rozas v. Evangeline Parish Police Jury is distinguishable from the present case. In Rozas, the plaintiff asked the Police Jury to insert a provision in the right of way grant concerning the spreading of the spoils. In response to the grantor’s request, the Police Jury inserted the following provision: “That all spoil area will be spread.” We held that obscurity in the contract arose because plaintiff failed to clearly convey to the Police Jury his wishes concerning leveling of the spoil. Citing Article 1958, we then adopted the construction of the contract most favorable to the Police Jury. The present case differs from Rozas in that the present plaintiff clearly conveyed to the Police Jury his wishes concerning leveling of spoil. The Police Jury simply did not accept his proposal concerning leveling. Therefore, the Rozas case is inapplicable.
WERE DAMAGES FOR POTATO CROP PROPERLY DENIED?
Provision “D” of the right of way agreement obligated the Police Jury to “Pay for damages to growing crops or planted crops occasioned by the digging.” Plaintiff admitted he did not plant his potato crop until after work on the canal was complete. Plaintiff failed to prove the construction of the canal resulted in damage to any growing crop. Therefore, under the terms of Provision “D”, the trial court was correct in denying plaintiff recovery for alleged damages to his potato crop..
No error is assigned regarding the trial judge’s award for damages to plaintiff’s fence and pasture, nor do we find any.
In its brief, the Police Jury complains that the judgment appealed assessed against it “all costs” of the proceeding. The jury argues that under R.S. 13:4521, all costs cannot be assessed against a state agency. This is correct. However, the Police Jury has neither appealed nor answered the appeal in this case. Therefore, we cannot modify the judgment as requested in brief. LSA-C.C.P. Article 2133.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.