569 So.2d 238 (1990)
Sandra B. TOWNSEND and Kenneth R. Townsend, Individually and as Administrators of the Estate of their Minor Children, Anita L. Townsend and Woody R. Townsend
v.
FORD MOTOR COMPANY, INC., et al.
No. CA 89 1300.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
Writ Denied January 4, 1991.
*239 Paul Wilkins, Columbia, for Sandra Townsend, plaintiff/appellant.
Robert Vandaworker, Baton Rouge, for Louisiana Farm Bureau, defendant/appellee.
William Doran, Frank J. Gremillion, Baton Rouge, for State of La., defendant/appellee.
John W. Perry, Jr., Baton Rouge, for State Farm Mut. and Ford Motor Co., defendants/appellees.
Authur H. Andrews, Baton Rouge, for Aetna Cas. and Surety, defendant/appellee.
Robert L. Kleinpeter, Baton Rouge, for General Agents Ins., defendant/appellee.
Before EDWARDS, WATKINS and LEBLANC, JJ.
LeBLANC, Judge.
This appeal involves a dispute between adverse claimants regarding who is entitled to receive proceeds from an automobile insurance policy. General Agents Insurance Company of America, Inc. (General) invoked a concursus proceeding, depositing $100,000.00 into the registry of the trial court. This amount represents the limits of a policy issued by General which provided uninsured and underinsured motorist protection on a rental vehicle.[1] The petition for concursus named the following defendants:
(1) Sandra B. Townsend and Kenneth R. Townsend, husband and wife, individually and as administrators of the estate of their minor children, Anita L. Townsend and Woody R. Townsend.
(2) Aetna Casualty and Surety Company, a foreign insurance corporation....
These defendants each answered the petition for concursus claiming to be entitled to the $100,000.00 insurance proceeds.
Mr. and Mrs. Townsend and Aetna Casualty and Surety Company (Aetna) entered into a joint stipulation of facts and submitted the matter to the trial court. The relevant facts to which the parties stipulated are as follows:
I.
Kenneth Townsend, d/b/a K.R. Townsend Contractors, a sole proprietorship, *240 purchased a policy of workmen's compensation insurance from Aetna Casualty & Surety Company which policy of insurance was in full force and effect on June 3, 1985. The workmen's compensation insurance policy Kenneth R. Townsend purchased from Aetna provided workmen's compensation insurance coverage to Kenneth R. Townsend and his wife, Sandra Townsend, while working during the course and scope of their employment for K.R. Townsend Contractors.
II.
On June 3, 1985 Sandra Townsend was injured in an automobile accident while working during the course and scope of her employment for K. R. Townsend Contractors. At the time of the accident, Sandra Townsend was operating a 1979 Ford LTD leased from Noel's Used Cars.
III.
Within a few days following the automobile accident Aetna Casualty & Surety Company was notified of the accident and as a result of the notification Aetna undertook an investigation to determine whether Sandra Townsend was working during the course and scope of her employment at the time of the accident. During the investigation Aetna also investigated the possibility of a third party claim in order that Aetna could exercise its subrogation rights under the Louisiana Workmen's Compensation Act.
IV.
As a result of Aetna's investigation regarding its subrogation rights it discovered two insurance policies providing liability insurance coverage to the tortfeasor, Kelli Hidalgo, which two policies provided a total of $125,000.00 of liability insurance coverage to the tortfeasor, Kelli Hidalgo. Aetna was paid $125,000.00 by the liability insurance carrier for Kelli Hidalgo.
V.
At the time Aetna was undertaking its investigation, Aetna became aware of the fact that the automobile Sandra Townsend was driving at the time of the accident had been leased from Noel's Used Cars in Gonzales, Louisiana. The leased vehicle was intended to temporarily replace the Townsend's Chevrolet S-10 pick-up truck which was being repaired due to an earlier accident. The pick-up truck is owned by Kenneth Townsend, individually and was used both as a personal vehicle and as a vehicle for K.R. Townsend Contractors.
VI.
The Townsends purchased a policy with State Farm Mutual Automobile Insurance Company which provided insurance coverage on their Chevrolet S-10 pick-up truck. The premium paid to State Farm on that vehicle included additional amounts necessitated by the business use of the vehicle. The insurance coverage purchased by the Townsends provided that the Townsend's insurance carrier, State Farm, would pay the rental for a replacement vehicle in the event the Chevrolet S-10 pick-up truck was damaged as the result of an accident.
. . . . .
XI.
Aetna Casualty and Surety Company has paid all covered medical expenses for Sandra Townsend since the date of the accident and has also paid weekly workmen's compensation benefits to Sandra Townsend since the date of the accident which combined total benefits amount to $295,702.62 as of March 25, 1988. Additionally, pursuant to state law and regulation, Aetna Casualty and Surety Company has reserved $820,706.00 to pay future compensation and medical benefits as such become due. The amount reserved represents the total estimated future payments to be made by Aetna Casualty and Surety Company to and on behalf of the plaintiff.

*241 XII.
As a result of the automobile accident on June 3, 1985, plaintiffs filed a third party claim against Ford Motor Company and the State of Louisiana. Aetna Casualty and Surety Company intervened in plaintiff's lawsuit against Ford Motor Company and the State of Louisiana. Both plaintiffs and intervenors have settled their claims against Ford Motor Company and plaintiff obtained settlement with the State. Pursuant to the settlement agreement proposed by Ford Motor Company and agreed to by plaintiffs, the amount of plaintiff's recovery as well as the methods of recovery is confidential information which will not be disclosed to this court. Aetna Casualty and Surety Company has agreed to settle its claim for a lump sum payment of $340,000.00. Pursuant to the terms of the settlement agreement, Aetna Casualty and Surety Company will continue to be legally obligated to provide Sandra Townsend workmen's compensation payments to the full extent required under the Louisiana Workmen's Compensation Act. Aetna Casualty and Surety Company is further obligated to provide Sandra Townsend full medical benefits to the extent required under the Louisiana Workmen's Compensation Act. (see stipulation XI above).
After considering these facts, the trial court determined that Aetna was entitled to subrogation against General's policy pursuant to La.R.S. 23:1101. Accordingly, judgment was rendered in favor of Aetna for the sum of One Hundred Thousand and no/100 ($100,000.00) Dollars plus interest from date of deposit into the registry of the court, less one-half of the accrued but unpaid costs. Mr. and Mrs. Townsend appeal this judgment. We reverse.
Appellants contend that the uninsured motorist coverage in question was indirectly paid for by themselves and thus Aetna cannot recover compensation reimbursement from this fund, relying on Johnson v. Fireman's Fund Ins. Co., 425 So.2d 224 (La.1982).[2] We agree.
In Johnson, plaintiff was injured in an automobile accident while driving his employer's vehicle in the scope and course of his employment. Alleging that the insurance of the other driver involved in the accident was insufficient to cover his damages, plaintiff filed suit against his employer's uninsured motorist carrier and his own uninsured motorist carrier. The employer's worker's compensation insurer intervened. The issue presented to the court was whether the worker's compensation insurer was entitled to reimbursement from the uninsured motorist coverage. The Court held that a worker's compensation insurer is entitled to recover amounts paid to an injured employee out of uninsured motorist coverage pursuant to La.R.S. 23:1101.[3] However the Court imposed one significant limitation. Because La.R.S. 23:1163 prohibits direct or indirect imposition of the cost of compensation upon an employee, the Court determined that worker's compensation insurers cannot recover out of uninsured motorist coverage paid for by an employee. The Court reasoned that allowing recovery in this instance would result in the dilution of an employee's compensation benefits at the employee's expense.
In the present case, the uninsured motorist coverage in question was in effect on the rental vehicle that was being driven by Mrs. Townsend at the time of her accident. This coverage had been issued by General to the owner or operator of Noel's Used Cars. Since the cost of the rental vehicle was paid for by the Townsends' insurer, State Farm, pursuant to the terms of the State Farm policy which was paid for by the Townsends, they argue that they indirectly paid for the uninsured motorist coverage *242 in question. From an economic viewpoint, the cost of the uninsured motorist coverage on the rental vehicle was passed on to plaintiffs and indirectly paid for by plaintiffs through the State Farm premiums. Thus applying the rationale of Johnson to the facts of this case, we find that Aetna should not be allowed to receive compensation reimbursement or credit against future compensation liability out of the proceeds of the uninsured motorist coverage. Although the uninsured motorist coverage was not directly paid for by plaintiffs, the uninsured motorist coverage would not have been in effect if plaintiffs would not have paid for the coverage that obligated State Farm to provide a replacement vehicle (the rental vehicle).
For these reasons, the judgment of the trial court is reversed. Judgment is hereby rendered in favor of Sandra B. Townsend and Kenneth R. Townsend in the sum of One Hundred Thousand and no/100 ($100,000.00) Dollars, plus interest from date of deposit into the registry of the trial court, less the accrued costs that have been deducted from the deposited funds. Judgment is further rendered in favor of Sandra B. Townsend and Kenneth R. Townsend and against Aetna Casualty and Surety Company for the costs that have been deducted from the sum deposited into the trial court registry. All remaining unpaid trial court costs and appellate court costs are to be paid by Aetna Casualty and Surety Company.
REVERSED AND RENDERED.
NOTES
[1] The insurance policy was issued to Frances Landiche doing business as Noel's Used Cars. The insured vehicle was a 1979 Ford LTD.
[2] Alternatively, appellants argue that Aetna is not entitled to compensation reimbursement out of the General insurance proceeds because Aetna has already received funds in excess of the amount of compensation benefits paid to Mrs. Townsend pursuant to Aetna's settlement with Ford Motor Company.
[3] The uninsured motorist carrier was found to be a "third person" who has a "legal liability to pay damages" to the employee pursuant to La. R.S. 23:1101.