591 So.2d 1266 (1991)
Henry Allen WOOD, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and John F. Guerin, Defendants,
Louisiana Insurance Guaranty Association on Behalf of Anglo-American Insurance Company and Ralph Green as Deputy Liquidator of Anglo-American Insurance Company, Intervenors-Appellants.
No. 90-704.
Court of Appeal of Louisiana, Third Circuit.
December 18, 1991.
*1267 Wm. F. Kendig, Shreveport, for plaintiff-appellee.
Mathews, Atkinson, Guglielmo, Marks & Day, Henry G. Terhoeve, Baton Rouge, for intervenor-appellant Louisiana Ins. Guar. Ass'n.
Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Jr., Natchitoches, for defendant-appellee State Farm Mut. Auto. Ins. Co.
Before LABORDE, YELVERTON, and KNOLL, JJ.
LABORDE, Judge.
This suit involves a third party claim filed by Henry Allen Wood injured during the course and scope of his employment against decedent, John F. Guerin, and his insurer, State Farm Mutual Automobile Insurance Company (State Farm). Louisiana Insurance Guaranty Fund (LIGA) and deputy liquidator, Ralph Green as the liquidator for plaintiff's employer's worker's compensation carrier, intervened seeking reimbursement for those amounts paid to plaintiff in worker's compensation. State Farm surrendered their policy limits, and plaintiff agreed to split this amount equally with LIGA and the liquidator as mandated by Louisiana's worker's compensation law, but LIGA and the liquidator refused. The trial court in answer to a joint motion for declaratory judgment ordered the proceeds to be equally divided and dismissed State Farm and the estate of John F. Guerin. *1268 Intervenors-appellants now appeal that ruling as well as the award of attorney's fees to plaintiff. We affirm the trial court decision because the trial court properly dismissed the defendants and awarded attorney's fees. However, we reduce the award of attorney's fees in order to comply with the guidelines of Moody v. Arabie, 498 So.2d 1081 (La.1986).

FACTS
This case arises out of an automobile accident which occurred on November 30, 1988 when plaintiff, Henry Allen Wood, (plaintiff) was injured as a result of the alleged negligence of John F. Guerin. Mr. Guerin, a State Farm insured, died in the accident. Plaintiff was in the course and scope of his employment at the time of his accident, and he received worker's compensation from his employer's insurer, Anglo-American Insurance Company (Anglo-American) until it was placed in liquidation. After Anglo-American was placed into liquidation, LIGA and deputy liquidator, Ralph Green, replaced Anglo-American. Plaintiff subsequently retained counsel who notified State Farm of a potential third party claim against the defendant and State Farm. Plaintiff then notified LIGA and the liquidator pursuant to La.R.S. 23:1102, and shortly thereafter made a demand against State Farm for the policy limits. The State Farm insurance policy provided a maximum limit of liability coverage of $25,000.00. After eleven months, State Farm agreed to pay the limits of their liability policy as payment of all claims arising out of the aforementioned accident. Plaintiff's counsel agreed to divide the $25,000.00 equally between plaintiff and LIGA and the liquidator in accordance with La.R.S. 23:1101. LIGA and the liquidator refused the settlement, and plaintiff then filed suit against defendants in order to interrupt the tolling of prescription. LIGA and the liquidator then intervened in the suit against defendants to recover the amounts paid out in worker's compensation.
Subsequent to the filing of the lawsuit, plaintiff and State Farm jointly filed a motion for declaratory judgment requesting that the trial court enter judgment directing State Farm as to the appropriate apportionment of the $25,000.00. The trial court ordered an equal division of the $25,000.00 between plaintiff and intervenors and dismissed State Farm and defendant from the lawsuit.
LIGA now appeals arguing two assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
In its first assignment of error, appellants argue that the trial court erred in dismissing State Farm and defendant from the lawsuit since 23:1102 C(4) (redesignated as 23:1102 C(2) effective January 1, 1990) provides for an independent claim by the employer or his insurer in a worker's compensation case to proceed against a third party tortfeasor. Plaintiff argues that 23:1102 C(4) is only to be applied when a settlement has not been reached by the employee and suit has not been otherwise filed by the employee. While we are inclined to agree with the plaintiff's position on the interpretation of La.R.S. 23:1102 C(4), it is not necessary to directly reach this conclusion because the issue is moot. It is clear from the trial record that State Farm is only liable up to the value limits of its insurance policy for $25,000.00. It is self-evident that an insurer which has settled for its policy limits (or paid its full limits responsive to a judgment) has "exhausted" its limit of liability under the policy. Pareti v. Sentry Indemnity Company, 536 So.2d 417 (La.1988). Furthermore, the tortfeasor died in the accident, and the record is clear that he left an estate consisting of only the $25,000.00 insurance policy. Therefore, the trial court properly dismissed the tortfeasor and his insurer, State Farm, from this suit. Because appellants cannot recover anything above the $25,000.00 from the defendant or State Farm, this assignment of error presents a moot issue for review and lacks merit.

*1269 ASSIGNMENT OF ERROR NUMBER TWO
In its second assignment of error, appellants argue that the trial court's award of $5,000.00 in attorney's fees was not authorized by La.R.S. 23:1102 and was improper according to the Louisiana Supreme Court's decision in Moody v. Arabie, 498 So.2d 1081 (La.1986).[1] Appellants argue that pre-amendment La.R.S. 23:1102 C(2) can only be used to allow an award of attorney's fees upon a finding of bad faith on the part of the intervenor in refusing to settle, and the trial court did not make such a finding. As additional support for its position that the trial court erred in awarding plaintiff attorney's fees, appellants also argue that the legislative intent behind the 1989 amendment repealing La.R.S. 23:1102 C(2) is to eliminate the recovery of attorney's fees under the worker's compensation statute. The date which triggers the worker's compensation statute determines the law which will apply to the case. Babin v. Saturn Engineering Corp., 501 So.2d 857 (La.App. 5th Cir.1987). The cause of action in this case arose on the date of the accident, November 30, 1988. Therefore, appellants' argument calls for a discussion of whether the 1989 legislative amendment repealing the attorney's fee provision found in La.R.S. 23:1102 C(2) is to be applied retroactively. This statute, prior to this amendment, addressed the recovery of attorney's fees for an unreasonable refusal on the part of the employer or his insurer to settle a third party claim. The 1989 amendment to this provision takes away an employee's substantive right to recover attorney's fees if an employer or his insurer exhibits an unreasonable refusal to settle with a third party tortfeasor. This is a substantive change in the worker's compensation statute. Laws that are substantive in nature are to be applied prospectively. Graham v. Sequoya Corporation, 478 So.2d 1223 (La.1985); Miller v. J.P. Owen Company, Inc., 509 So.2d 1038 (La.App. 3d Cir.1987), writ denied, 514 So.2d 455 (La.1987). Because the 1989 amendment repealing La.R.S. 23:1102 C(2) is not applicable to this case, pre-amendment La.R.S. 23:1102 C(2) applies. This statute provides the employee with a right to recover reasonable attorney's fees if an intervening employer or his insurer unreasonably refuses to approve a good faith settlement tendered by the third party defendant to the employee. Contrary to appellants' argument, the statute does not call for a finding of bad faith refusal by the intervening employer or his insurer but a finding of an unreasonable refusal to settle.
In this case, the trial court made a finding that appellants refused to settle for an equal division of the $25,000.00 in an effort to attempt to force the plaintiff to forego his rights to future compensation benefits. The plaintiff has a statutory right to collect future worker's compensation benefits as long as he notifies his employer and its insurer of any third party claim under La.R.S. 23:1102 B. The trial court's written reasons for judgment made it clear that appellants' attempt to coerce the plaintiff into foregoing this right is at the very least unreasonable:
... It appears clear to the Court, from the pleadings, briefs and limited evidence before it that the compromise document is to put pressure on the injured employee to contribute more than 50% of the settlement to the liquidator and/or to cause the injured worker to give up his claim for future medical and compensation benefits. The Court will not make itself a party to that course of conduct.
We will not disturb this finding on appeal absent manifest error. Rosell v. ESCO 549 So.2d 840 (La.1989).
Having found that the trial court properly awarded the plaintiff attorney's fees, we must next assess whether the *1270 $5,000.00 amount awarded to plaintiff is reasonable as provided in the statute. We are guided by the Louisiana Supreme Court decision in Moody, supra, in making this determination. Recently, this court in Jaffarzad v. Jones Truck Lines Inc., 561 So.2d 144 (La.App. 3d Cir.1990), writ denied, 565 So.2d 450 (La.1990), made the following remarks regarding the Moody decision:
"In Moody, the plaintiff brought suit against various third parties seeking damages for injuries received in a work-related accident. The worker's compensation insurer of plaintiff's employer filed an intervention to recover benefits paid to the plaintiff. The plaintiff ultimately obtained a judgment in his favor but received nothing because the award was insufficient to pay his attorney's contingency fee and the claim for reimbursement of worker's compensation benefits by the worker's compensation insurer. Hence, a dispute arose over the apportionment of the proceeds of plaintiff's judgment between the claim of plaintiff's attorney and the claim of intervenors for reimbursement of worker's compensation benefits.

In fashioning a judicial remedy, the Louisiana Supreme Court reasoned that a worker who has been injured by a third party tortfeasor and the employer who pays compensation because of the injury become co-owners of a right to recover damages from the third person. Moody, supra, at 1085. The court concluded that each co-owner is obligated to bear a portion of `reasonable and necessary' litigation expenses and attorney's fees proportionate to their interest in the recovery. Id. at 1085, 1086.

The court set forth the following guidelines for the allocation of these expenses and fees between the employer and worker from the worker's recovery against a third party:
`First the court must determine the employer's proportionate interest in the recovery by determining the ratio or percentage that the amount of compensation paid or due at the time of recovery bears to the total recovery. For example, in the present case, in which the compensation paid is $49,286.23 and the total recovery is $82,303.72, the employer's proportionate interest in the recovery is calculated as follows:
Employer's reimbursement = Employer's share of recovery
Recovery from third person

$49,286.23 = 59.88%
__________
$82,303.72

Accordingly, because the employer has a 59.88% interest in the recovery, 59.88% of the cost of the recovery should be assessed to him. Reciprocally, the worker has a 40.12% interest in the recovery and is therefore bound to pay 40.12% of the cost of recovery.' (Footnote omitted) Moody v. Arabie, 498 So.2d 1081, at page 1086 (La.1986)."

In this case, the maximum amount of recovery is $25,000.00, the limits of the State Farm insurance policy. The trial court awarded the plaintiff and the intervenors each $12,500,00. Utilizing the formula established in Moody, supra, we calculate intervenors' share of the total attorney's fees and unreimbursed litigation expenses as follows:

$12,500.00 = 50% = intervenor's percentage[2]
__________
$25,000.00

In determining what constitutes a "reasonable attorney's fee," the court in Moody, supra, stated that courts must follow the guidelines of the Code of Professional *1271 Responsibility. To comply with the guidelines in Moody, supra, a court may consider an attorney/client contract in fixing the attorney's fees. Jaffarzad, supra. Plaintiff had a contingency fee contract with his attorney providing for a fee of 40% of all sums recovered. The trial court must have found this to be reasonable given that it determined that 40% of $12,500.00 or $5,000.00 made up the intervenors-appellants' share of attorney's fees. We also find, after reviewing the facts of this case, that the contingency fee of 40% contracted with plaintiff's attorney, is a reasonable and adequate fee.
We now turn to the apportionment of attorney's fees using the Moody, supra, formula. This calculation results in apportionment of attorney's fees as follows:

 $25,000.00 Total Judgment
- 12,500.00 Amount of Intervenors' Claim
 __________
 $12,500.00
 $12,500.00 Net Judgment Recovered by Plaintiff
 × 40% Plaintiff's attorney's contingent
 __________
 $5,000.00
 $5,000.00
 × 50%
 __________
 $2,500.00 Intervenors' share of attorney's fees

The trial court awarded plaintiff the entire amount of $5,000.00 in attorney's fees without applying the intervenors' percentage to this amount as dictated by the formula found in Moody, supra. This is error. Accordingly, we amend the trial court's judgment to reduce intervenors' share of attorney's fees from $5,000.00 to $2,500.00.
Under the principles set forth in Moody, supra, appellants could be entitled to a credit for its own attorney's fees if such fees relate to necessary services which actually benefitted or augmented recovery from the third party. However, when an intervenor's actions do not benefit or augment plaintiff's recovery from a third party tortfeasor, no such credit is allowed. Jaffarzad, supra. The record is clear that appellants did nothing to benefit or augment plaintiff's recovery from State Farm. To the contrary, appellants' actions in refusing to consent to a statutorily mandated settlement amount did nothing but promote further litigation and cause all parties to incur additional and unnecessary expense. Given appellants' actions, they are not entitled to any credit for their own attorney's fees.
Under Moody, supra, intervenor's percentage should also be applied to the total litigation expenses to determine its share. The trial court properly applied Moody, supra, and calculated appellants' share of those expenses attributable to the recovery against defendants prior to filing suit. Plaintiff also asks that we assess against appellants the entire cost of that portion of the litigation expenses directly attributable to their refusal to settle for the $12,500.00 initially offered by plaintiff. However, plaintiff did not file a separate answer to this appeal asking for this relief as required by La.C.C.P. art. 2133. He merely briefed this issue in his reply to appellants' appeal. Accordingly, this issue is not properly before this court. Lake LaFleur v. Evangeline Parish Police Jury, 347 So.2d 875 (La.App. 3d Cir.1977). The same is true of plaintiff's request that this court award him any relief appropriate under La.C.C.P. art. 863 for a frivolous appeal.
We amend the trial court judgment to reduce appellants' share of attorney's fees from $5,000.00 to $2,500.00. The judgment is affirmed in all other respects. Costs of this appeal are assessed against Louisiana Insurance Guaranty Association.
AFFIRMED AS AMENDED.
NOTES
[1] The legislature has since amended La.R.S. 23:1103, modifying the Moody decision. This amendment went into effect on January 1, 1990.
[2] We recognize that in Moody, the denominator representing the total amount of recovery from the third party included interest from the date of judicial demand, however, in this case, though the trial judge awarded interest from the date of judicial demand, the record does not contain the amount of the cumulated interest. We therefore make this calculation without including the interest.