614 So.2d 260 (1993)
Henry BROUSSARD, Plaintiff-Appellant,
v.
Kenneth LEWIS, et al., Defendants,
U.S. Fire Insurance Company, Intervenor-Appellee.
No. 92-494.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Writ Denied April 23, 1993.
*261 Miller & Miller, Jack D. Miller, Crowley, for plaintiff-appellee.
Durio, McGoffin & Stagg, Gary McGoffin, Lafayette, for defendant-appellant USF Ins.
Stone, Pigman, Walther, Wittmann & Hutchinson, Randall A. Smith, New Orleans, for defendant-appellee Runnels.
Before DOMENGEAUX, C.J., and DOUCET and DECUIR, JJ.
DOMENGEAUX, Chief Judge.
The instant appeal was brought by U.S. Fire Insurance Co., the intervenor in a suit filed by Henry Broussard against Kenneth Lewis, et al. This appeal has been consolidated with the appeal of Henry Broussard, C.A. No. 92-144, which arose from the same law suit and which we have decided this day. See Broussard v. Lewis, 614 So.2d 258 (La.App. 3d Cir.1992). We refer the reader to that decision for the pertinent factual and procedural background and will not restate the same herein.
We are called upon in this appeal to address three issues raised by U.S. Fire: first, whether the amendment to La.R.S. 23:1103 should be applied retroactively; second, whether the trial court erred in attributing all of the plaintiff's attorney's fees to the joint benefit of the plaintiff and the intervenor; and third, whether the trial court erred in not allowing any credit for the efforts of the intervenor's attorney, which efforts contributed to the recovery of the common fund.
At trial, Henry Broussard was awarded UM benefits totalling $328,315.66. Of that amount, $23,453.78 was awarded to U.S. Fire as reimbursement for worker's compensation benefits paid by U.S. Fire. Additionally, U.S. Fire was given a credit for past due and future compensation which the trial court calculated at $42,701.34. The total benefit to U.S. Fire, therefore, represents 20.15% of Broussard's award. Accordingly, following Moody v. Arabie, 498 So.2d 1081 (La.1986), the trial court ordered U.S. Fire to pay 20.15% of Broussard's attorney's fees and litigation costs, or $23,637.18.
The parties do not question the calculations made by the trial court. Rather, U.S. Fire contends that the amended version of La.R.S. 23:1103, which legislatively overruled Moody, and which was in effect at the time of the trial of this matter, should be applied instead of the outdated Moody rule. Under the amended version of La. R.S. 23:1103(C), the intervenor's proportionate share of the plaintiff's attorney's fees and costs cannot exceed 1/3 of the intervenor's recovery for pre-judgment payments or pre-judgment damages. Further, the intervenor cannot be held responsible for attorney's fees attributable to the credit for future compensation. Therefore, under the amended version of La.R.S. 23:1103(C), the limit of U.S. Fire's liability for Broussard's attorney's fees and costs would be $7,817.93, rather than the $23,637.18 awarded to Broussard by the trial court.
*262 Broussard's accident occurred in 1987, when Moody was the applicable law. The Supreme Court has already held that the amended version of La.R.S. 23:1103(C) will not be applied retroactively. Taylor v. Production Services, Inc. of Mississippi, 600 So.2d 63 (La.1992).[1] Further, the date on which the cause of action arose, which triggers the applicability of the worker's compensation statute, is the date which determines the law which applies to the case. Wood v. State Farm Mutual Automobile Insurance Co., 591 So.2d 1266 (La. App. 3d Cir.1991). The dates of trial and judgment, therefore, are of no concern. Accordingly, we find the trial judge properly applied the Moody rule, which was the law in effect at the time of Broussard's accident and is the law that is determinative of this case.
The second issue raised by U.S. Fire is whether the trial judge properly attributed all of Broussard's attorney's fees to the joint benefit of Broussard and U.S. Fire. U.S. Fire contends that because Broussard has consistently denied U.S. Fire's right to intervene throughout this litigation, U.S. Fire has derived little benefit from the work undertaken by Broussard's counsel. U.S. Fire further argues that in the post trial proceedings and in these consolidated appeals, the plaintiff and the intervenor are adverse to one another and neither is working toward a joint benefit.
The record reveals the trial of this matter centered around issues of UM coverage. The trial judge was called upon to determine questions of coverage, rejection, damages, bad faith, indemnity, and intervention. Although the intervention is the subject of these consolidated appeals, it was actually only a minor part of the trial. As for these consolidated appeals, we point out that Broussard, pursuant to the contingency fee contract he signed, is responsible for an additional 10% fee, which was not considered by the trial judge, as a result of these appeals. Therefore, the post trial work undertaken by Broussard's counsel will be compensated by a fee not shared by U.S. Fire. After reviewing the entirety of the record before us, we find no manifest error in the trial court's decision to assess U.S. Fire with a proportionate share of Broussard's 33 1/3% pre-appeal attorney's fee.
The final question raised by U.S. Fire is whether the trial court erred in not allowing any credit for its own attorney's fees which contributed to the recovery of the common fund. We find, as did the trial judge, that the attorney representing U.S. Fire performed minimal work in this case. The trial court stated that "U.S. Fire contributed very little to the determination of the issue of liability [i.e., UM coverage] and was concerned only with protection of its own interests." We find no manifest error in this conclusion and hold that U.S. Fire is not entitled to a credit for its own attorney's fees.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to U.S. Fire Insurance Co.
AFFIRMED.
NOTES
[1] Similarly, in St. Paul Fire & Marine Insurance Co. v. Smith, 609 So.2d 809 (La.1992) and the consolidated case of Crowley v. City of Lafayette, 609 So.2d 199 (La.1992), the Supreme Court held that the amendment to La.R.S. 23:1103(B), which was enacted at the same time as the amendment to paragraph C, will not be given retroactive effect.