DOMENGEAUX, Chief Judge.
Plaintiff, Henry Broussard, was a self-employed truck driver on November 14, 1987. While driving his 1976 Mack truck, he was involved in an accident with Kenneth Lewis, an uninsured motorist. The Lewis vehicle struck Broussard’s truck, forcing it off the road and into a tree.
Broussard filed suit against Lewis to recover damages for the injuries sustained in this accident. Broussard also sued his own liability carrier, Liberty Mutual Insurance Co., for sums due under the uninsured motorist provisions of his policy. Alternatively, he asserted a claim against his insurance agent, James Runnels, d/b/a D R Commercial Lines, alleging that if the purported rejection of UM coverage is held to be valid, then Runnels is responsible for the lack of coverage. Liberty Mutual filed a cross claim against Runnels, d/b/a D R Commercial Lines, for full indemiiity in the event UM coverage was found to be in full force and effect. U.S. Fire Insurance Co., Broussard’s worker’s compensation insurer, intervened in the suit to recover benefits paid to Broussard as a result of this accident.[1]
After a bench trial, the trial court rendered judgment in favor of Broussard on the UM claim, in favor of Liberty Mutual on the indemnity claim, and in favor of U.S. Fire on the intervention. After a post trial hearing, the trial judge held U.S. Fire responsible for a portion of the plaintiff’s attorney’s fees and the litigation costs.
Broussard filed this appeal, seeking a reversal of that portion of the trial court’s judgment which granted U.S. Fire’s intervention. In a separate appeal, C.A. No. 92-494, which has been consolidated with the instant appeal, U.S. Fire questions the trial court’s judgment in favor of Brous-sard on the issue of attorney’s fees owed by U.S. Fire. Although we have considered these appeals together, we will issue a separate opinion and decree in each. See Broussard v. Lewis, 614 So.2d 260 (La.App. 3d Cir.1992), consolidated herewith.
In the instant appeal, we are presented with the question of whether a worker’s compensation insurer which provides benefits to a sole proprietor can intervene in a suit , against a UM insurer when the UM coverage has been purchased by the sole proprietor. Henry Broussard was a truck driver and owned his own 18-wheeler tractor trailer. He purchased liability insurance on the truck, and the trial court found that the liability policy included UM coverage which was available to Broussard as a result of this accident. Broussard had also purchased worker’s compensation insurance which provided benefits to him as a result of this accident.
In Johnson v. Fireman’s Fund Insurance Co., 425 So.2d 224 (La.1982), the Supreme Court discussed the right of a worker’s compensation insurer to intervene in a suit against a UM carrier. Generally, a worker’s compensation insurer can intervene in such a suit; however, as an exception to that general rule, the court held that there is no right to intervene when the UM coverage was purchased by the party *260 who has filed suit, i.e., the employee. The Johnson court stated:
[A] worker compensation insurer can recover amounts paid to an injured employee out of uninsured motorist coverage. La.R.S. 23:1101. However, this is subject to one limitation. Worker compensation insurers cannot recover out of uninsured motorist coverage paid for by an employee because the worker compensation statute prohibits direct or indirect imposition of the cost of compensation upon an employee. La.R.S. 23:1163.
425 So.2d at 225.
Broussard contends that the limitation discussed in Johnson is applicable herein. He argues that he purchased UM insurance in his capacity as an employee, with his own funds and for his own benefit. The trial judge found that Broussard purchased the coverage in his capacity as an employer, regardless of the fact that the insurance was purchased for his own benefit.
The issue before us is a question of fact, not a question of law. In what capacity a person purchases insurance coverage is a matter that must be addressed in view of the facts surrounding the purchase itself. In this case, Broussard had separate UM coverage on his truck and on his personal vehicle. The coverage on the truck was included in a Liberty Mutual Truckers Policy which he obtained through an agent specializing in the trucking industry. Conversely, on his personal vehicle, Broussard had UM coverage which he purchased through a State Farm agent. This is not a case such as Townsend v. Ford Motor Co., Inc., 569 So.2d 238 (La.App. 1st Cir.1990), writ denied, 572 So.2d 72 (La. 1991), where the applicable UM insurance was indirectly paid for by the plaintiffs through insurance premiums paid on a vehicle used both personally and in the course of their business.
Additionally, Broussard listed the cost of his insurance, generally, as a business expense on his income tax return's, although we are unable to determine what types of insurance the listed figure includes. We note one final point for purposes of analogy; although Broussard purchased worker's compensation insurance for his own benefit, we cannot logically construe that act to mean that Broussard, the employer, violated La.R.S. 23:1163 by collecting from Broussard, the employee, the cost of compensation insurance.
Given these facts, we find no manifest error in the trial court’s conclusion that Broussard purchased UM coverage in his capacity as an employer. Accordingly, we agree with the trial judge’s decision to grant in full the intervention of U.S. Fire, including both a credit for past due and future compensation and reimbursement for compensation already paid.
For the foregoing reasons, the judgment of the trial court granting the intervention of U.S. Fire Insurance Co. is affirmed. The costs of this appeal are assessed to Henry Broussard.
AFFIRMED.

. Additionally, Lewis sued Broussard in a separate action which was consolidated with the instant suit. However, prior to trial, all parties agreed that Broussard’s claims against Lewis and Lewis’ claims against Broussard would be severed from the rest of the case and heard at a later date.